273 So.2d 8 (1973)
Bobby Lee JONES, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-1031.
District Court of Appeal of Florida, Third District.
February 12, 1973.
*9 Phillip A. Hubbart, Public Defender, and Lewis S. Kimler, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
The appellant was informed against, tried and found guilty of manslaughter. On this appeal he urges error in the trial court because the State was allowed to impeach one of its own witnesses. The witness was a girl friend of the defendant who was sitting with him in the car when he shot the deceased as the deceased was standing at the car window. Our review of the record convinces us that the differences between the witness' statements prior to trial and the testimony given on the witness stand constituted a sufficient basis for the court's finding that the State was prejudiced or surprised by the differences in the testimony.
In Gibbs v. State, Fla.App. 1967, 193 So.2d 460, Mr. Justice Adkins sitting as an associate judge on the District Court of Appeal, Second District, authored a definitive opinion on the subject of the State's right to impeach its own witness. In that case it was held that there was no basis for the impeachment inasmuch as the strongest statement that could be made relative to the testimony was that it was not as beneficial to the State as expected. The court, speaking through Judge Adkins, held the impeachment to be error and reversed. In reversing, the court set forth the law applicable to the subject as follows:
* * * * * *
"A party producing a witness cannot impeach him unless he not only fails to give beneficial testimony but also he must become adverse by giving evidence that is prejudicial to the party producing him. A party cannot impeach his own witness who merely fails to testify as to beneficial facts."
* * * * * *
In the present case, the witness injected at trial a situation which her previous statements had completely ruled out. This element was an assertion that the deceased reached for the gun. The trial court properly ruled that the witness had gone beyond the mere failing to give beneficial testimony and had given adverse testimony. No error has been demonstrated. See Gibbs v. State, supra, and Hernandez v. State, 156 Fla. 356, 22 So.2d 781 (1945).
Appellant's remaining point urging the insufficiency of the evidence to support the judgment has been examined and found to be without merit.
Affirmed.