353 So.2d 956 (1978)
Jessie James WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. FF-463.
District Court of Appeal of Florida, First District.
January 13, 1978.
Michael Minerva, Public Defender, David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Richard W. Prospect, Asst. Atty. Gen., for appellee.
McCORD, Chief Judge.
Appellant was convicted of two counts of armed robbery and appeals the judgment and sentence. We find no error and affirm.
Appellant was charged and found guilty by jury of one count of robbing a Jr. Food Store and one count of robbing a Jax Liquor Store. At trial, the state presented the testimony of eye witnesses to the two robberies, none of whom could positively identify appellant as the robber. They all testified that he was about the same size and walked the same way, though one witness could not say whether he was 5'6" or 6' tall. *957 One of the witnesses of the Jax Liquor Store robbery testified that the robber "semi-disguised" his voice but that the robber's voice and that of appellant had some likenesses. All of the eye witnesses testified that the robber wore a stocking over his face which prevented their being able to describe his facial features.
The primary question on this appeal is whether or not the court erred in allowing the state to impeach the testimony of state's witness Maude Leland. She had previously given a detailed statement to investigating officer Brooks in which she declared that appellant had told her he committed the robberies and in which she related the details of the robberies as told to her by appellant. Officer Brooks testified that she came to him with her story while she was at the police station for another purpose  to report that appellant had assaulted her. Brooks also testified that when confronted with Maude's accusations, appellant orally confessed that he had robbed the stores.
After having given the aforesaid statement to Officer Brooks, Leland contacted the public defender's office and repudiated her previous statement to Officer Brooks. The public defender had her sign an affidavit declaring that she had lied in that statement and, six days before trial the public defender sent the affidavit to the state attorney. Thereafter, several days before trial and again the morning of the trial, Maude assured the state attorney that she would testify in accordance with her original story as told to Officer Brooks. At trial, however, when the state called her as a witness, she denied the truth of the statement she had made and began to tell a totally inconsistent story. The state attorney claimed surprise and asked the court to declare Maude a hostile witness and allow him to impeach her through the use of her statement made to Brooks. The court granted the request, declared her a hostile witness to the state, and made her a court witness so that both sides could examine her with leading questions. Appellant contends this was error; that the state could not have been surprised by her testimony because it knew of the affidavit given the public defender in which she repudiated the statement. We disagree with the public defender's contention and find no error in this respect. The witness having assured the state subsequent to the affidavit that she would stick by her original story, her testimony to the contrary upon being called by the state did constitute surprise justifying impeachment by leading questions. See Bogan v. State, 226 So.2d 110 (Fla. 2 DCA 1969); Jones v. State, 273 So.2d 8 (Fla. 3 DCA 1973); McCloud v. State, 335 So.2d 257 (Fla. 1976).
When witness Leland was called to the stand by the state and the state requested that she be declared a hostile witness because of its surprise at her testimony, defense counsel asked that he be allowed to proffer testimony that she was coerced by the state into agreeing to testify and adhere to her original statement. The court declined the proffer but allowed the defense to fully question her on cross-examination and to fully question the officers involved as to the alleged coercion. The purpose of a proffer is to put into the record testimony which is excluded from the jury so that on appeal the appellate court can consider the admissibility of such excluded testimony. Here, all of the testimony on the subject was presented to the jury for its consideration in evaluating the credibility of the witness' testimony. We find no error in the denial of proffer as everything that could have been established on proffer was allowed by the court through the testimony of Leland and Officer Brooks.
We have also considered the other questions raised by appellant on this appeal and find them to be without merit.
AFFIRMED.
BOYER and MILLS, JJ., concur.