RYDER, Judge.
Bentley appeals from his conviction for attempted murder, alleging the lower court erred in denying his counsel last argument before the jury when the only defense witnesses were court-appointed experts who gave testimony supporting appellant’s defense of insanity. We affirm.
The state charged appellant with attempted murder in violation of section 782.-04(1), Florida Statutes (1981). On January 9, 1981, appellant entered a written plea of not guilty. Prior to trial, appellant’s attorney offered a suggestion of insanity, in response to which the court appointed a psychiatrist and a psychologist to examine appellant and to report the results of their evaluation.[1] On August 6,1981, counsel for appellant filed a notice of intention to rely on the defense of insanity and listed three witnesses by whom he expected to show insanity of the appellant at the time of the offense.[2]
At trial, the state presented testimony of several witnesses to establish that appellant shot Mrs. Frankie Frazier without apparent reason. The record reveals that shortly after the shooting appellant went to the St. Petersburg police station, and Officer Gary Hitchcox testified that appellant told him he was angry because Mrs. Frazier had put sugar into the gasoline tank of appellant’s vehicle and because she was practicing witchcraft on her husband. At the close of the state’s case appellant moved for a judgment of acquittal, which was denied.
Counsel for appellant then requested that the court call the previously appointed experts as “court witnesses,” stating his request was made for the purpose of preserving appellant’s right to last argument before the jury. The court ruled that despite the fact the experts were appointed by the court, they would be deemed defense witnesses so far as Fla.R.Crim.P. 3.250 was concerned. After objecting to the ruling, appellant’s counsel called both experts to the stand. Mr. Mussenden and Dr. Gonzalez testified that, in their opinion, appellant was legally insane at the time of the offense during which time he believed he was shooting a witch who had placed an evil spell on him. Thereafter, appellant’s counsel announced he would not present further testimony in order to preserve his previously stated issue. The jury found appellant guilty as charged.
*70 On appeal, appellant argues that Fla.R. Crim.P. 3.216(h) mandates that court-appointed experts be deemed court witnesses whether called by the court or either party.
Fla.R.Crim.P. 3.250 entitles the defendant to opening and concluding final argument before the jury if he offers no testimony other than his own. Appellant suggests that denial to him of concluding argument below was reversible error. Staples v. State, 298 So.2d 545 (Fla.2d DCA 1974).
We decline to read the cited rules together in the manner urged by appellant. Florida Rule of Criminal Procedure 3.216(h) provides that “[t]he experts appointed by the court may be summoned to testify at the trial, and shall be deemed court witnesses whether called by the court or either party.” This rule was intended to permit either party to cross-examine the expert by impeachment or leading questions, as is the case traditionally with witnesses called by the court. Armstrong v. State, 399 So.2d 953 (Fla.1981); Williams v. State, 353 So.2d 956 (Fla. 1st DCA 1978). Whether or not a witness is a court witness, a criminal defendant must “offer no testimony other than his own” to retain last argument. Fla. R.Crim.P. 3.250. That the court might call the witness does not negate the fact that the testimony was offered on behalf of appellant. Appellant did not offer “no testimony”, as the experts presented testimony on behalf of appellant at his request, court-appointed or not. Appellant thus lost the right to last argument before the jury.
AFFIRMED.
OTT, C.J., and HOBSON, J., concur.

. Whether this suggestion of insanity was a motion in conformity with Fla.R.Crim.P. 3.210 or 3.216 is unknown as no such motion or “suggestion” was made a part of the record herein. We come by this information through a statement made by appellant’s then counsel, a Mr. Dillinger, during argument on the motion to have two experts called as “court witnesses.”

. The list included the names of the two experts and the mother of the appellant. We further note that it appears that appellant’s counsel failed to comply with Fla.R.Crim.P. 3.210(c). This rule requires the giving of notice to rely upon the defense of insanity no later than fifteen days after arraignment or written plea of not guilty. Appellant’s written plea of not guilty was filed on January 9, 1981, some seven months before the notice of intent to rely on the defense of insanity was filed. Perhaps good faith or other excusable reason was shown to the judge for this delay, but we know not what by this record. As the parties have not addressed this, we discuss it no further.