COBB, Judge.
The appellant, Steven McAvoy, was convicted after jury trial of trafficking in cocaine, delivery of cocaine and possession of cocaine. The only issue raised on appeal which warrants discussion is McAvoy’s contention that the trial court erred in depriving him of opening and rebuttal closing argument.
The basis of the court’s denial was the testimony of Farris Kincaid,[1] who was called as a “court witness”[2] upon the request of defense counsel, and over the objection of the state. The basis of the state’s objection was that Kincaid’s previous deposition showed that his testimony was quite favorable to the defendant and that the only reason McAvoy would want Kincaid to be called as a court witness would be to allow leading questions on cross-examination. In fact, defense counsel stated the following as his reason for requesting that Kincaid be called as a court witness:
And the state took his deposition. I had the opportunity to cross-examine and I would like the latitude on my questioning.
The court determined that it would not be fair to the defendant not to call him as a witness. After Kincaid testified, and prior to closing, the defense counsel asserted that he had the right to both opening and rebuttal argument, since he presented no testimony. The court disagreed, determining that the defendant waived this privilege by presenting evidence, or having evidence presented in his behalf, even though Kin-caid was called as a court witness.
Appellant contends that since Kincaid was called as a court witness, no testimony was offered by the defendant on his own behalf and, thus, pursuant to Florida Rule of Criminal Procedure 3.250, he is entitled to the “sandwich” closing argument. Florida Rule of Criminal Procedure 3.250 provides, in part:
... A defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.
A court witness is not a witness for either party and can be cross-examined by both sides, with neither side vouching for his truthfulness. Brown v. State, 91 Fla. 682, 108 So. 842 (1926). However, simply because a witness is not called directly by the defendant does not mean that no testimony other than the defendant’s was offered.
In Bentley v. State, 422 So.2d 68 (Fla. 2d DCA 1982), the defendant contended that the trial court erred in denying him last argument where the only defense witnesses were court-appointed experts who gave testimony supporting the defendant’s insanity defense. The defense counsel at trial requested that the court call the experts as court witnesses so he could preserve his right to last argument before the jury. The court ruled that the witnesses would be deemed defense witnesses for purposes of Rule 3.250. Defense counsel objected to the ruling and then called both experts, who testified that the defendant was legally insane at the time of the offense. The appellate court affirmed, holding:
Whether or not a witness is a court witness, a criminal defendant must “offer no testimony other than his own” to retain last argument. Fla.R.Crim.P. 3.250. *644 That the court might call the witness does not negate the fact that the testimony was offered on behalf of appellant. Appellant did not offer “no testimony,” as the experts presented testimony on behalf of appellant at his request, court-appointed or not. Appellant thus lost the right to last argument before the jury.
422 So.2d at 70.
Bentley can be distinguished from the instant situation in that the trial court’s ruling on the applicability of Florida Rule of Criminal Procedure 3.250 preceded the calling of the witnesses. Thus, the defense was afforded the option of having the testimony of those witnesses or having rebuttal on closing argument. In the instant case, there was no ruling by the trial court in regard to the right of rebuttal closing argument prior to Kincaid’s testimony. However, that failure was the fault of the defense, which was seeking to have Kincaid called as a witness. Had a ruling been obtained at the earlier time, it is clear that the trial court would have ruled as did the trial court in Bentley.
In the instant case, Kincaid, although deemed a court witness pursuant to the defense’s request, offered favorable testimony on behalf of the defense. Accordingly, we hold that the trial court was correct in denying the defendant final closing. Compare Birge v. State, 92 So.2d 819 (Fla.1957) (no waiver of final argument where only evidence for defense consisted of defense counsel’s request to state witness to show item of clothing).
AFFIRMED.
DAUKSCH, J., and JOHNSON, Associate Judge, concur.

. Kincaid was named as a codefendant in this case, and pled guilty to trafficking shortly before trial.

. Kincaid was called pursuant to section 90.-615(1), Florida Statutes (1985), which provides:
The court may call witnesses whom all parties may cross-examine.