511 So.2d 1017 (1987)
Theodore WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2724.
District Court of Appeal of Florida, Second District.
July 17, 1987.
Rehearing Denied August 31, 1987.
*1018 James Marion Moorman, Public Defender and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Theda R. James, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Williams appeals his conviction and sentence for burglary of a dwelling.
The court declared Williams to be a habitual felony offender, departed from the guidelines recommended range of community control or 12-30 months in prison and sentenced Williams to 30 years in prison.
Williams raises four points on appeal. He contends that the trial court erred: (1) in prohibiting defense counsel's prospective rehabilitation of Williams on direct examination; (2) in imposing judgment and sentence for burglary of a dwelling, a second degree felony, when the jury found him guilty of burglary, a third degree felony; (3) in departing from the guidelines recommended sentence without providing written reasons for departure; and (4) in finding him to be a habitual felony offender without making the requisite specific findings of fact. We agree and reverse.
During the trial the court prohibited defense counsel from asking Williams, on direct examination, questions about his prior felony convictions of grand theft and burglary. However, on cross-examination, the State asked Williams whether he had ever been convicted of a crime. When he answered affirmatively, he was then asked how many times. He responded, "I have been convicted one time but I have admitted to two." Williams was then, over objection, asked if he was the same person convicted of grand theft on February 9, 1984. Williams admitted that he was. He was then asked if he was the same person convicted of burglary on March 1, 1984. He answered that he was convicted of trespass.
We find that the court erred in prohibiting defense counsel from inquiring on direct examination about Williams' prior record. In Lawhorne v. State, 500 So.2d 519 (Fla. 1986), the supreme court ruled that a party may bring out impeaching information on direct examination and attempt to reduce the harmful consequences by explaining the nature or character of the information to rehabilitate the witness. The court held that the defendant was entitled to minimize the anticipated negative effect of his prior convictions by showing how they were obtained, and failure to allow such testimony was harmful error. In Bell v. State, 491 So.2d 537, 538 (Fla. 1986), the supreme court approved this court's decision that anticipatory rehabilitation by the state was permissible "to take the wind out of the sails of a defense attack on a witness's credibility."
The court's ruling in this case was especially harmful because the court permitted *1019 the state to use improper methods of impeachment on cross-examination of Williams. Section 90.610(1), Florida Statutes (1985) provides in part:
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment, ...
The state's initial question concerning conviction of a "crime" was improper. Section 90.610(1) now restricts inquiry concerning prior convictions to convictions for felonies or for crimes involving dishonesty or a false statement. Cummings v. State, 412 So.2d 436, 439 (Fla. 4th DCA 1982). Because Williams admitted his convictions it was error to allow the state to continue this inquiry and name the prior offenses. Even had Williams denied the convictions, it would have been error to allow the state to question him about the specific convictions. The nature of the offenses is admissible only by entering records of the convictions into evidence. Parks v. Zitnik, 453 So.2d 434 (Fla. 2d DCA 1984); Fulton v. State, 335 So.2d 280, 284 (Fla. 1976).
Regarding Williams' second argument, the information in this case charged Williams with burglary of a dwelling, a second degree felony. The court instructed the jury on the elements of burglary of a structure without mentioning or defining dwelling. Neither side objected to the instruction. The jury returned a verdict in the following form: "The defendant is guilty of burglary". The verdict did not specify burglary of a dwelling nor state that Williams was guilty "as charged" in the information.
Over objection, the court adjudicated Williams guilty of burglary of a dwelling and announced that he would be sentenced on that charge. The written judgment did not specify the nature of the burglary but indicated it was a second degree felony.
Williams argues that the court erred in adjudicating and sentencing him for burglary of a dwelling. It is a well established rule of law that the judgment of the trial court must conform to the jury's verdict. Starkes v. State, 438 So.2d 1004 (Fla. 2d DCA 1983); Hicks v. State, 411 So.2d 1025 (Fla. 2d DCA 1982). Moreover, in Bowen v. State, 491 So.2d 331 (Fla. 4th DCA 1986), the court held that the trial court erred in adjudicating the defendant guilty of trespass of an occupied conveyance when the jury was only instructed on the lesser offense of trespass of a conveyance. Here, as in Bowen, the trial court's failure to instruct the jury on burglary of a dwelling precluded a conviction for that offense.
Because we remand for a new trial, we do not address appellant's remaining points. However, we note that in Whitehead v. State, 498 So.2d 863 (Fla. 1986), the supreme court held that the habitual offender statute cannot operate as an alternative to guideline sentencing nor can it provide a viable reason for departure from the guidelines.
We reverse William's conviction for burglary of a dwelling and remand for a new trial on the charge of burglary of a structure.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.