528 So.2d 944 (1988)
Roberto LARIAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2820.
District Court of Appeal of Florida, Third District.
July 12, 1988.
Rehearing Denied August 17, 1988.
Bennett H. Brummer, Public Defender, and Friend & Fleck and Geoffrey C. Fleck, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Yvette Rhodes Prescott, Asst. Atty. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
We affirm the defendant's convictions upon a holding that (1) the trial judge's decision that the non-testifying defendant was quite capable of understanding and participating in the trial without the assistance of an interpreter is amply supported by the record which, inter alia, includes (a) the opinion of an interpreter that the defendant spoke "just about perfect English," (b) extensive colloquies in English between the court and the defendant, and (c) the complete acquiescence of defense counsel in the decision not to appoint an interpreter for the defendant, compare, e.g., Suarez v. United States, 309 F.2d 709 (5th Cir.1962) and Bolender v. State, 422 So.2d 833 (Fla. 1982) with Monte v. State, 443 So.2d 339 (Fla. 2d DCA 1983); and (2) the defendant's claim that his counsel was wrongfully deprived of making the opening and closing final arguments to the jury is without merit because the defendant concededly offered testimony favorable to himself through a court witness, thus disentitling himself to this order of argument, *945 see McAvoy v. State, 501 So.2d 642 (Fla. 5th DCA 1986); Bentley v. State, 422 So.2d 68 (Fla. 2d DCA 1982).
We reverse the imposition of costs against this indigent defendant because he was given neither notice that costs were being sought nor an opportunity to be heard on that issue. Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Convictions and sentences affirmed; order assessing costs reversed and remanded to trial court for further proceedings consistent with this opinion.