566 So.2d 270 (1990)
George A. LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01896.
District Court of Appeal of Florida, Second District.
June 8, 1990.
Rehearing Denied September 4, 1990.
*271 Richard Preira of the Law Offices of Weinstein & Preira, Miami Beach, and Ciargiaglino, Paver & Coyle, St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, and James T. Russell, State Atty., Sixth Judicial Circuit of Florida, C. Marie King and Douglas E. Crow, Asst. State Attys., Clearwater, for appellee.

OPINION
PARKER, Judge.
George Lewis appeals from the judgment and sentences for first-degree murder and sexual battery with a deadly weapon. This is Lewis' second appeal to this court. In his first appeal, this court reversed the trial court's order granting Lewis a new trial on the first-degree murder charge and an arrest of judgment on the sexual battery conviction. See State v. Lewis, 543 So.2d 760 (Fla. 2d DCA), review denied, 549 So.2d 1014 (Fla. 1989) (Lewis I). In all respects, we affirm the judgment and sentences.
Lewis sets forth four issues for appeal, which are framed as follows:
I. WHETHER DEFENDANT'S INVOLUNTARY EXCLUSION FROM PORTIONS OF THE JURY SELECTION PROCESS DENIED DEFENDANT HIS RIGHT TO DUE PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING INTO EVIDENCE SEVERAL PHOTOGRAPHS OF THE DECEDENT AT THE CRIME SCENE, A VIDEO TAPE OF THE CRIME SCENE PRIOR TO REMOVAL OF DECEDENT'S BODY, AND SEVERAL MORGUE PHOTOGRAPHS.
III. WHETHER THE TRIAL COURT ERRED IN CONVICTING AND SENTENCING DEFENDANT FOR SEXUAL BATTERY WITH A DEADLY WEAPON WHEN THE JURY RETURNED A VERDICT FOR SEXUAL BATTERY.
IV. WHETHER DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AND DUE PROCESS FOR THE REASONS SET FORTH BY DEFENDANT IN STATE V. LEWIS, 543 So.2d at 760.
We shall address these issues in reverse order. With respect to Issue IV, Lewis raised that precise issue in his cross-appeal in Lewis I, which this court rejected. Therefore, as to that issue, the case law is clear that the principle of the law of the case precludes Lewis from raising it again in this appeal. See U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983); Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310 (Fla. 3d DCA 1987). The exception to that doctrine is if the earlier ruling of this court in Lewis I were erroneous and its application would result in manifest injustice. See Love v. State, 559 So.2d 198 (Fla. 1990). Neither circumstance is available here to support such an exception.
Issue III arose when the trial judge on remand entered a judgment and sentence against Lewis on the sexual battery count in accordance with this court's mandate in Lewis I, which reversed the trial court's order arresting judgment on the jury conviction for sexual battery. Lewis argues on this point that the trial court erred in entering judgment and sentence against him for sexual battery with a deadly weapon, a life felony, when the jury verdict found him guilty of sexual battery without mention of a weapon, which is a first-degree felony. See § 794.011(2) and (3), Fla. Stat. (1983). Lewis relies upon this court's opinion in Williams v. State, 511 So.2d 1017 (Fla. 2d DCA), review denied, 519 So.2d 988 (Fla. 1987), in support of this argument. That reliance is misplaced. In Williams, the inconsistency between the judgment (guilty of burglary of a dwelling) and the jury's verdict (guilty of burglary) could not be harmonized, because the jury in Williams had no basis upon which to *272 find defendant guilty of burglary of a dwelling as the court did not mention or define dwelling in its instructions to the jury.
Unlike Williams, the trial court's judgment in this instance that Lewis was guilty of sexual battery with a deadly weapon was consistent with the court's instruction to the jury that "Before you can find the defendant guilty of Sexual Battery as charged in Count Two of the Indictment[[*]], the State must prove the following four elements beyond a reasonable doubt... . 3. George Alan Lewis, in the process used or threatened to use a deadly weapon," and thus consistent with the jury's verdict of "guilty of sexual battery." The only other relevant instructions given to the jury were for the lesser included offenses of attempted sexual battery and simple battery. Therefore, the verdict of sexual battery can only refer to the instruction given on that charge which included the use of a deadly weapon as an element required to prove the offense of sexual battery as charged in the indictment. These circumstances distinguish this case from Williams and support a holding that the judgment at issue conforms to the jury's verdict. But see Hicks v. State, 411 So.2d 1025 (Fla. 2d DCA 1982) (reversing the trial court which adjudged defendant guilty of attempted murder contrary to the jury's verdict of guilty of aggravated battery, a lesser included offense of attempted murder).
Turning to Issue II, there is no merit to Lewis' claim that the photographs' and the video's admission in evidence is reversible error. The admission into evidence of photographs of the deceased victim is within the trial court's discretion. Zamora v. State, 361 So.2d 776 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 472 (Fla. 1979). Lewis has not demonstrated any abuse of discretion by the trial court with respect to its evidentiary rulings on this point. The photographic and the video evidence were relevant and necessary to assist state witnesses in describing accurately to the jury the crime scene and the position of the victim, which became important in this circumstantial case against Lewis in order to defeat Lewis' explanation for the presence of his bloody footprint at the scene. See Bush v. State, 461 So.2d 936 (Fla. 1984), cert. denied, 475 U.S. 1031, 106 S.Ct. 1237, 89 L.Ed.2d 345 (1986); Wilson v. State, 436 So.2d 908 (Fla. 1983). This evidence was also relevant to establish the premeditated nature of the murder, see Zamora, 361 So.2d at 776, and to aid the medical examiner in explaining to the jury the nature and extent of the victim's injuries, the manner in which those injuries were inflicted, and the mode of death. See Bush; Zamora.
We likewise find no merit in Lewis' argument as to Issue I. Lewis was present in the courtroom during the selection and challenging of the jurors, and the fact that he was not present with counsel at side bar conferences regarding those challenges is not a basis for reversal under the case law. See Willis v. State, 523 So.2d 1283 (Fla. 4th DCA 1988); Smith v. State, 476 So.2d 748 (Fla. 3d DCA 1985), aff'd, 500 So.2d 125 (Fla. 1986). Lewis also has failed to demonstrate reversible error with respect to other instances in which he claims he should have been present but which were not critical stages in the case. See U.S. v. Gagnon, 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985); Rushen v. Spain, 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983); Junco v. State, 510 So.2d 909 (Fla. 3d DCA), review denied, 518 So.2d 1276 (Fla. 1987). Nor has Lewis demonstrated that he was prejudiced as a result of his absence from these proceedings. See Harvey v. State, 529 So.2d 1083 (Fla. 1988), cert. denied, 489 U.S. 1040, 109 S.Ct. 1175, 103 L.Ed.2d 237 (1989); Garcia v. State, 492 So.2d 360 (Fla.), cert. denied, 479 U.S. 1022, 107 S.Ct. 680, 93 L.Ed.2d 730 (1986).
Affirmed.
LEHAN, A.C.J., and ALTENBERND, J., concur.
NOTES
[*] The indictment charged Lewis with sexual battery with the use or threatened use of a weapon contrary to section 794.011(3), Florida Statutes (1983), a life felony.