581 So.2d 141 (1991)
David COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 75725.
Supreme Court of Florida.
May 30, 1991.
Rehearing Denied July 10, 1991.
*142 Geoffrey C. Fleck, Special Asst. Public Defender of Friend, Fleck & Gettis, South Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
In Cook v. State, 542 So.2d 964 (Fla. 1989), this Court affirmed Cook's convictions for the murders of Onelia and Rolando Betancourt. However, because we eliminated two of the aggravating circumstances, we quashed the death sentence imposed for the death of Onelia and remanded for resentencing by the judge. Cook now appeals the new sentence of death. We have jurisdiction under article V, section 3(b)(1), of the Florida Constitution.
The Betancourts worked as the midnight cleaning crew at a Burger King in South Miami. Cook murdered them during an attempted late-night robbery of the restaurant. The facts of these murders are set forth in our prior opinion in this case. See Cook. At Cook's original sentencing hearing, a majority of the jury recommended the death penalty. On resentencing, the trial judge found the following aggravating circumstances: 1) the defendant was previously convicted of another capital felony;[1] 2) the murder was committed during a robbery; and 3) the murder was committed for pecuniary gain.[2] The judge merged factors *143 2 and 3 into one aggravating factor. In mitigation the judge found that the defendant had no significant history of prior criminal activity.[3]
On this appeal Cook first claims that his sentence of death for Onelia's murder is disproportionate both to the sentences of his two accomplices and to the sentences of other defendants convicted of similar crimes. Included in this claim is Cook's assertion that the judge improperly considered aggravating factors found by this Court to be inapplicable in Cook's prior appeal. See Cook, 542 So.2d at 970 (Onelia's murder was not heinous, atrocious, or cruel and was not committed to eliminate a witness). We reject the claim that the judge considered the inapplicable aggravating factors. The written sentencing order clearly states that the judge did not find these factors and, therefore, gave them no weight when imposing the death sentence. We have reviewed the judge's statement concerning the witness-elimination factor at the oral sentencing, but do not interpret it to say that he considered this inapplicable factor when sentencing Cook.
We also reject Cook's claim concerning his accomplices' sentences since their level of participation in the murder was clearly less than Cook's. See Cook. It was Cook, not his accomplices, who killed the Betancourts. We also believe that Cook's sentence is not disproportional when compared to other defendants' sentences for similar murders. The court found two statutory aggravating factors, one being a prior capital felony, and only one statutory mitigating factor. We have affirmed death sentences in cases involving similar factors and circumstances. See Freeman v. State, 563 So.2d 73 (Fla. 1990), petition for cert. filed, No. 90-6029 (U.S. Oct. 22, 1990); LeCroy v. State, 533 So.2d 750 (Fla. 1988), cert. denied, 492 U.S. 925, 109 S.Ct. 3262, 106 L.Ed.2d 607 (1989).
Cook next claims that the trial judge's written sentencing order fails to comport with the requirements of law because the judge did not adequately discuss the evidence Cook offered in mitigation. In the resentencing order the trial judge specifically adopted the discussion of mitigating evidence contained in his original sentencing order. In that order the judge discussed the reasons why each statutory mitigating factor listed in section 921.141(6), Florida Statutes (1989), did or did not apply in this case. As to nonstatutory mitigating factors, the judge noted in the resentencing order that
[d]efense counsel argues numerous purported non-statutory mitigating factors in a written submission, however, the Court does not believe that they exist, or those that do exist have so little weight when compared to the two aggravating factors, so as to have no weight at all.
He concluded "that insufficient mitigating circumstances, either statutory or non-statutory exist, as demonstrated by any testimony or facts, ... to outweigh the aggravating circumstances."
Cook most heavily relies on evidence of his substance abuse. Dr. Haber, a clinical psychiatrist, testified that Cook told her that he had been using drugs and alcohol for three years and that he had taken substantial quantities of both on the night of the killings. She expressed the opinion that as a consequence his judgment was impaired. However, family members denied knowledge of any substance abuse on the part of Cook. We believe the judge sufficiently addressed the subject of substance abuse in rejecting the statutory mental mitigating circumstances:
There is no evidence that these murders were committed while the Defendant was under the influence of extreme mental or emotional disturbance and therefore the Court does not consider this a mitigating circumstance. In so concluding, the Court has taken into account the conflicting testimony of the Defendant who maintains he was a massive substance abuser of catholic tastes at the time of these murders, and that of his relatives and friends that he was a teetotaler and abstainer from all controlled substances.

*144 The Court concludes, as did Dr. M.S. Haber, that the veracity of Defendant's statements is questionable. The Court further finds them not worthy of belief. His actions in these murders all indicate a logical (albeit criminal) progression of thought, unaffected by psychological or emotional disturbance.
... .
The evidence shows no signs of impairment in Defendant's ability to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. Contrariwise, the evidence shows the Defendant proceeded in a cold, methodic and calculated manner to enter the Burger King and do whatever he had to do to get money and get away. The interruptions caused by the Betancourts merely indicate that he killed Mr. Betancourt for his attack with the pipe and found it necessary to murder Mrs. Betancourt to get clean away.
There was also testimony describing Cook as nonviolent and a follower, that he had undergone religious conversion in jail, and that he was a good worker and family man. Because the court's sentencing order does not specifically address any of these nonstatutory mitigating circumstances, it does not fully comply with this Court's recent pronouncement in Campbell v. State, 571 So.2d 415, 419 (Fla. 1990) (footnote omitted):
When addressing mitigating circumstances, the sentencing court must expressly evaluate in its written order each mitigating circumstance proposed by the defendant to determine whether it is supported by the evidence and whether, in the case of nonstatutory factors, it is truly of a mitigating nature.
However, particularly in view of the double murder involved in this case, we are convinced beyond a reasonable doubt that the judge still would have imposed the sentence of death even if the sentencing order had contained findings that each of these nonstatutory mitigating circumstances had been proven.
Accordingly, we affirm Cook's sentence of death.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Rolando's murder is the previous capital felony.
[2] § 921.141(5)(b), (d), (f), Fla. Stat. (1989).
[3] § 921.141(6)(a), Fla. Stat. (1989).