593 So.2d 1158 (1992)
Jimmy PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02003.
District Court of Appeal of Florida, Second District.
February 12, 1992.
*1159 James Marion Moorman, Public Defender, Bartow, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Jimmy Porter appeals his judgment and sentence for sale of cocaine. We reverse and remand for a new trial, concluding that the trial court committed reversible error in allowing the state to name Porter's prior convictions during cross examination.
Porter testified and presented an alibi defense. During cross examination, the state asked Porter if he had been convicted of a felony. Porter responded affirmatively. The state then asked him the number of his convictions. Porter testified that he had been convicted of three felonies. The state then asked Porter if he had been convicted of a misdemeanor involving a crime of dishonesty. Porter testified that he had not been convicted of such a crime. The state thereafter inquired into the nature of a prior misdemeanor conviction for petit theft and six prior felony convictions. The trial court overruled defense counsel's objections. We conclude this was error.
The state may impeach the character of the defendant by asking him whether he or she has ever been convicted of a felony or of a crime involving dishonesty or a false statement, and how many times. § 90.610(1), Fla. Stat. (1989); Williams v. State, 511 So.2d 1017 (Fla.2d DCA), review denied, 519 So.2d 988 (Fla. 1987) (citing Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982)); Gavins v. State, 587 So.2d 487 (Fla. 1st DCA 1991). If the defendant either denies having been convicted or misstates the number of previous convictions, the state may introduce into evidence certified records of the convictions. Williams. Although the state entered into evidence six certified judgments of conviction, it was improper for the state to "name the specific crimes or to state the nature of the crimes." See Gavins, 587 So.2d at 490 (citations omitted). The nature of the crimes is admissible only by entering into evidence the records of the convictions. Fulton v. State, 335 So.2d 280 (Fla. 1976).
We disagree with the state's argument that the error was harmless. During closing argument, the state elaborated on the nature of Porter's prior convictions, specifically naming each one. Harmless error occurs when the proof of guilt is so convincing that the jury would have found the defendant guilty even without the improper evidence. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). See also Gavins, 587 So.2d at 490. Considering the cross examination in this case and the fact that Porter's defense was an alibi defense, we cannot say the error was harmless.
*1160 Reversed and remanded for proceedings consistent with this opinion.
FRANK, A.C.J., and THREADGILL, J., concur.