597 So.2d 853 (1992)
Gesner PIERRE, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2495.
District Court of Appeal of Florida, Third District.
March 31, 1992.
On Rehearing May 12, 1992.
*854 Bennett H. Brummer, Public Defender, and Louis K. Nicholas, II, Special Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the defendant Gesner Pierre from a final judgment of conviction and sentence for sexual battery on a child under the age of twelve [§ 794.011(2), Fla. Stat. (1989)], which was entered below upon an adverse jury verdict. We affirm.
First, the defendant urges that the trial court erred in entering the judgment and sentence below because the jury verdict returned does not support such judgment or sentence. We disagree. The jury verdict found the defendant guilty of "[s]exual [b]attery" with a specific finding and that the defendant was "18 years of age or older"; the trial court fully instructed the jury as to the essential elements of sexual battery on a child under the age of twelve [§ 794.011(2), Fla. Stat. (1989)]; the only lesser included offense instruction given to the jury was for simple battery [§ 784.03, Fla. Stat. (1989)]. It is therefore obvious that the verdict of guilty of "sexual battery" refers to the only jury instruction given on sexual battery  namely, sexual battery on a child under the age of twelve. Indeed, the defendant made no objection whatever to the form of the verdict below. Because the sentence was properly entered upon this judgment, we also reject the claimed sentencing error urged by the defendant. Lewis v. State, 566 So.2d 270, 271-72 (Fla. 2d DCA 1990), rev. denied, 581 So.2d 165 (Fla. 1991).
Second, the defendant urges that the trial court erred in failing to have an interpreter for the defendant throughout all the proceedings below. We disagree. The court appointed an interpreter to translate the proceedings below for the defendant whenever necessary. The defendant, however, was able to understand virtually everything that was said, and, accordingly, the interpreter ceased verbatim translation for the defendant, and, at times, did no translation at all. The defendant testified in English on direct examination and made no objection when the interpreter was not in court or was not providing verbatim translation; indeed, the interpreter informed the trial judge that the defendant had declined verbatim translation of the proceedings because he was able to understand what was being said in court. We are therefore unable to say, as urged, that any fundamental error was committed by the absence of an interpreter for some parts of the proceedings. See Larias v. State, 528 So.2d 944 (Fla. 3d DCA 1988); Monte v. State, 443 So.2d 339 (Fla.2d DCA 1983).
Third, the defendant contends that the trial court erred in denying the defendant's motion for judgment of acquittal made at the close of the state's case because the state failed to adduce any evidence that the defendant was eighteen years of age or older. This point has not been properly preserved for appellate review. Although the defendant moved for a judgment of acquittal at the close of the state's case, he did not do so based on the ground that he now urges on appeal; if he had, any error might have been cured by allowing the state to reopen its case and establish the defendant's age. Under these *855 circumstances, it is settled that the defendant may not urge, for the first time on appeal, an argument which was not raised below in a motion for judgment of acquittal. Johnson v. State, 478 So.2d 885, 886 (Fla. 3d DCA 1985), dismissed, 488 So.2d 830 (Fla. 1986). Moreover, the jury finding that the defendant was eighteen years or older in age is supported by the defendant's testimony at trial.
Fourth, the defendant contends that the trial court committed reversible error in allowing the state to question certain witnesses, including the defendant, about the credibility of other witnesses. This point, however, has not been properly preserved for appellate review as to the complained-of testimony of Dr. Wunderman and Joel Price because the defendant made no objection to such testimony; moreover, the same is true of most of the testimony of the defendant where no objection was made below. As to the testimony of Adriana Delva which was objected to, no direct opinion was ever elicited from this witness as to the credibility of another witness; and to the extent that an indirect opinion was elicited concerning the credibility of the victim's accusation against the defendant, the defendant clearly opened the door for such a question by eliciting from the same witness testimony that the child victim was the kind of child who would lie to get her way. See Glendening v. State, 536 So.2d 212, 221 (Fla. 1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989); Assiag v. State, 565 So.2d 387 (Fla. 5th DCA 1990); cf. Preston v. State, 528 So.2d 896, 899 (Fla. 1988), cert. denied, 489 U.S. 1072, 109 S.Ct. 1356, 103 L.Ed.2d 824 (1989); Ellison v. State, 349 So.2d 731, 732 (Fla. 3d DCA 1977), cert. denied, 357 So.2d 185 (Fla. 1978). As to the complained-of testimony of the defendant which was objected to on two occasions, the previous admission of the same or similar testimony without objection rendered the complained-of testimony entirely harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Flanagan v. State, 586 So.2d 1085, 1099 (Fla. 1st DCA 1991); Erickson v. State, 565 So.2d 328, 334-35 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 286 (Fla. 1991). Moreover, our review of the totality of the complained-of testimony convinces us that no fundamental error has shown by the admission of such testimony. See Glendening, 536 So.2d at 221; Clark v. State, 363 So.2d 331, 333-34 (Fla. 1978).
Finally, we have reviewed the various attacks made by the defendant on the admissibility of the hearsay statements of the child-victim and conclude that such statements were properly admitted under Section 90.803(23), Florida Statutes (1989). See Perez v. State, 536 So.2d 206 (Fla. 1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989); Jones v. State, 582 So.2d 110, 111 (Fla. 3d DCA), dismissed, 592 So.2d 681 (Fla. 1991); Myles v. State, 582 So.2d 71 (Fla. 3d DCA), juris. accepted, 591 So.2d 631 (Fla. 1991).
Affirmed.

ON REHEARING
PER CURIAM.
The defendant has filed a motion for rehearing, clarification, and rehearing en banc which we deny, save in one particular. We clarify our previously filed opinion and conclude, based on the circumstances of this case, that the probative value of the child-victim's hearsay statements herein was not substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury or needless presentation of cumulative evidence. Pardo v. State, 596 So.2d 665 (Fla. 1992) approving in relevant part State v. Pardo, 582 So.2d 1225 (Fla. 3d DCA 1991); § 90.403, Fla. Stat. (1989).