610 So.2d 100 (1992)
Robert TAMPLING and Kimberly Tampling, Appellants,
v.
STATE of Florida, Appellee.
No. 91-2248.
District Court of Appeal of Florida, First District.
December 16, 1992.
Nancy A. Daniels, Public Defender, Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellants.
Robert A. Butterworth, Atty. Gen., Andrea D. England, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Robert Tampling and Kimberly Tampling were found guilty by a jury of grand theft. Robert Tampling was adjudged guilty and placed on probation. An order was entered *101 withholding adjudication of Kimberly Tampling, and she was also placed on probation. We reverse Robert Tampling's conviction and remand for a new trial. We also remand the order withholding adjudication of Kimberly as to the impermissible delegation to the probation officer of the trial court's duty to determine the amount of restitution; State concedes this point.
The following colloquy occurred during direct examination of Robert:
Q. Have you been convicted of a felony before?
A. Yes, sir, I was.
Q. How many times?
A. One time.
The following colloquy occurred during cross examination:
Q. Did the felony that you were convicted of involve truth or honesty?
A. Sir?
Q. It involves truth and dishonesty, doesn't it?
Defense counsel objected to the questioning as improper impeachment. The objection was overruled. Defense counsel then made the following statement for the record outside the presence of the jury: "The court overruled defense counsel's objection to improper impeachment saying, alleging or ruling that jury tampering somehow has something to do with the truth and veracity." The cross examination continued:
Q. Mr. Robert Tampling, on November 16, 1987, the United States District Court for the Northern District of Alabama ...
DEFENSE COUNSEL: Objection, Your Honor. If he's going to ask the question about dishonesty, ask it. You can't go into these other particulars of the conviction.
THE COURT: Ask the question. Let him answer it.
Q. Were you not, in fact, convicted of the charge of influencing a jury?
A. I think it was tampering with a jury.
Q. Excuse me, tampering with a jury.
A. I believe so, yes, sir.
Q. Those are my questions.
As a preliminary matter, the trial court did not abuse its discretion by ruling that tampering with a jury is a crime involving dishonesty. See Cook v. State, 581 So.2d 141 (Fla. 1991) (solicitation of perjury is admissible to impeach under section 90.610(1); standard of review is abuse of discretion). According to State v. Page, 449 So.2d 813 (Fla. 1984), crimes involving stealth or cheating are admissible to impeach. "[C]onvictions which would not be admissible under Page apparently include reckless driving, public intoxication and most crimes of violence." Ehrhardt, Florida Evidence, § 610.4 (1992 Edition).
However, the trial court abused its discretion by allowing the prosecutor to inquire about the type of crime committed before Robert Tampling testified whether the crime involved dishonesty or a false statement. As Appellant argues, the proper procedure to impeach under section 90.610(1) is found in Gavins v. State, 587 So.2d 487 (Fla. 1st DCA 1991). This court explained,
the prosecutor is permitted to attack the defendant's credibility by asking whether the defendant has ever been convicted of a felony or a crime involving dishonesty or false statement, and how many times. If the defendant admits the number of prior convictions, the prosecutor is not permitted to ask further questions regarding prior convictions, nor question the defendant as to the nature of the crimes. If, however, the defendant denies a conviction, the prosecutor can impeach him by introducing a certified record of the conviction. The prosecutor is not permitted to ask the defendant questions about prior convictions unless the prosecutor has knowledge that the defendant has been convicted of a crime and has evidence necessary for impeachment if the defendant fails to admit the number of convictions for such crimes. The proper method to impeach the witness who answers the question regarding his prior convictions incorrectly, is to offer a certified record of the witness's prior convictions, which will necessarily reveal the nature of the crimes. It is improper for the prosecutor or questioning party *102 to name the specific crimes or to state the nature of the crimes.
Id. at 489-90 (citations omitted). In the instant case the prosecutor never elicited a response to such a question as `Have you ever been convicted of a crime involving dishonesty or false statement?' At one point Robert Tampling answered, "Sir?" to a similar question, but the next question posed to Mr. Tampling named the specific crime. Even if Robert Tampling denied the conviction, had the question been properly presented, it would have been error to ask Mr. Tampling about the specific conviction. "The nature of the offenses is admissible only by entering records of the convictions into evidence." Williams v. State, 511 So.2d 1017, 1019 (Fla. 2d DCA 1987); accord, Gavins, 587 So.2d at 490. The prosecutor did not attempt to admit records of Robert Tampling's conviction for jury tampering.
After an examination of the entire record, we "cannot say beyond a reasonable doubt that the error did not affect the verdict." State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). Accordingly, we reverse Robert Tampling's conviction and remand for a new trial. We also remand the order withholding adjudication of Kimberly Tampling and placing her on probation for the trial court to determine the amount of restitution.
AFFIRMED in part, REVERSED in part and REMANDED.
BOOTH and WEBSTER, JJ., concur.