PER CURIAM.
Paul R. White, the Defendant below, appeals his judgment of conviction and sentence. He contends that he was denied a fair trial through improper impeachment methods engaged in by the State during cross-examination. We agree, and thereby reverse and remand for a new trial.
The instant case arises out of an incident that occurred at the Metro-West Detention Center on March 22, 1997, out of which the Defendant was charged in a two-count information with aggravated battery on a law enforcement officer and aggravated assault on a law enforcement officer. At trial, on cross-examination, the State asked the Defendant how many prior felony convictions he had. When the Defendant stated that he was unsure, the State asked whether he had three prior convictions for threatening a public servant, battery on a police officer, and resisting an officer with violence. In addition to making these statements, the State thereafter failed to introduce certified copies of the Defendant’s prior convictions.
It is well-settled, under numerous appellate decisions of this State, that the appropriate method for impeaching a witness who responds incorrectly to a question regarding prior convictions is to enter a certified copy of the witnesses’s prior convictions into the record. See e.g. Fulton v. State, 335 So.2d 280 (Fla.1976); Porter v. State, 593 So.2d 1158 (Fla. 2d DCA 1992); Gavins v. State, 587 So.2d 487 (Fla. 1st DCA 1991); Meyers v. State, 561 So.2d 1304 (Fla. 3d DCA 1990); Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982); Blasco v. State, 419 So.2d 807 (Fla. 3d DCA 1982); Williams v. State, 511 So.2d 1017 (Fla. 2d DCA 1981); Rommell v. Firestone Tire & Rubber Co., 394 So.2d 572 (Fla. 5th DCA 1981). Even assuming the Defendant replied “incorrectly” regarding the number of prior convictions, the State properly concedes that it both erred in failing to introduce certified copies of the Defendant’s prior convictions, and in specifically naming those prior offenses in the jury’s presence.
However, we disagree with the State that such error was harmless. Harmless error exists when the proof of guilt against the Defendant is such that the jury would have found the Defendant guilty even absent the improper admission of evidence. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). In the instant case, the prior convictions to which the State referred were all closely related to the nature of the charges for which the Defendant was on trial. Upon consideration of the State’s improper impeachment methods on cross-examination, coupled with the fact that White’s defense was that he was acting in self-defense against the corrections officers, we cannot say that the error was harmless. We find no merit in the appellant’s remaining points.
Reversed and remanded.