DAVIS, Judge.
Vincent Rodriguez appeals his convictions for robbery with a firearm and grand theft. Due to the circumstantial nature of the case, which turned on the State’s identification evidence and Rodriguez’s credibility as a witness, we must reverse Rodriguez’s convictions and remand this case for a new trial because of prosecutorial misconduct and ineffective assistance of counsel apparent on the face of the record.
Although Rodriguez raises a multitude of issues, we find one issue particularly dispositive and worthy of discussion. We agree that Rodriguez’s trial attorney gave ineffective assistance by failing to object when the prosecutor questioned Rodriguez about his prior convictions during cross-examination. As demonstrated below, this ineffective assistance of counsel is apparent on the face of the record.
At trial, the State introduced circumstantial evidence which allegedly identified Rodriguez- as one of the individuals who robbed a jewelry store with two accomplices. Rodriguez testified in his own defense. During cross-examination, the following exchange took place:
[Prosecutor]: All right. How many times have you been convicted of a felony?
[Rodriguez]: Um, I can’t say I remember. But you, earlier on you said around three times, so I’ll take your word for it.
[Prosecutor]: Do you remember how many times you’ve been convicted of a felony?
[Rodriguez]: It’s been so long ago when I was a juvenile, I am an adult now.
[Prosecutor]: What was your status as far as the law at the time you were arrested for this crime?
[Rodriguez]: What? Excuse me? What was my status?
[Prosecutor]: What was — were you under any legal constraint at the time of your arrest for this charge?
[Rodriguez]: A personal injury suit, yes.
[Prosecutor]: I am talking about — I am talking about a criminal legal constraint.
[Rodriguez]: Legal constraint, um—
[Prosecutor]: Probation? Parole?
[Rodriguez]: No, ma’am. No, ma’am.
*383 [Prosecutor]: And what do you think is going to happen to you if you get convicted here today?
[Rodriguez]: If I get convicted here today? Um, I’ll probably go to prison for a while. A long, long time.
[Prosecutor]: So you wouldn’t want the jury to find you guilty?
[Rodriguez]: I don’t think anybody would want that.
[Prosecutor]: You wouldn’t lie to keep from getting convicted, would you?
[Rodriguez]: Me? No.
[Prosecutor]: But you don’t remember how many times you’ve been convicted of felonies?
[Rodriguez]: You had said three times earlier.
[Prosecutor]: What were the felonies you were convicted of; do you remember that?
[Rodriguez]: Grand theft auto.
[Prosecutor]: And?
[Rodriguez]: Does that have anything to do with this case here?
[Prosecutor]: Sir, it certainly does. What were you previously convicted of?
[Rodriguez]: Grand theft auto.
[Prosecutor]: And?
[Rodriguez]: And robbery.
[Prosecutor]: Robbery with a firearm, right?
[Rodriguez]: Yes.
[Prosecutor]: I don’t have any other questions.
We begin our analysis by turning to subsection 90.610(1), Florida Statutes (1997), which provides:
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of [one] year under the law under which the witness was convicted, or if the crime involved dishonesty or false statement regardless of the punishment....
When the witness admits his or her convictions, a trial court errs by allowing the State to question the witness about the specific convictions. See Williams v. State, 511 So.2d 1017, 1019 (Fla. 2d DCA 1987). Even if Rodriguez had denied being previously convicted of a felony, the trial court would have erred by permitting the prosecutor to question Rodriguez about his prior convictions. See id. Rather, the prosecutor should have impeached Rodriguez by entering into the record certified copies of his prior convictions. See id.; White v. Singletary, 717 So.2d 1054, 1055 (Fla. 3d DCA 1998). Rodriguez’s trial attorney’s failure to object to this questioning fell below any standard of reasonable professional assistance, and there is a reasonable probability that the results of the trial would have been different but for her inadequate performance. See Ross v. State, 726 So.2d 317, 318 (Fla. 2d DCA 1999). Accordingly, we reverse and remand for a new trial.
CAMPBELL, A.C.J., and BLUE, J„ Concur.