RAMIREZ, J.
Omar Fletcher appeals his conviction for burglary of a dwelling and petit theft. We reverse because the jury failed to affirmatively find that the burglary was of a dwelling.
Count I of the Information charged that Fletcher did unlawfully enter or remain in a dwelling. The trial court subsequently instructed the jury as follows: “Omar Fletcher, the defendant in this case, has been accused of the crime of Burglary of an Unoccupied Dwelling and Grand Theft-Third Degree ($300 to $5,000).” The trial court also instructed the jury that the State must prove, as one of three elements of the crime of burglary, that Fletcher entered or remained in a structure. The jury received the definitions of “structure” and “dwelling.” As part of the instruction for Trespass in a Structure as a lesser included offense of burglary, the trial court instructed the jury that it was necessary for Fletcher to have willfully entered or remained in a dwelling. The jury again received the definition of “structure,” but not that of “dwelling.”
The verdict form read as follows:
As to Count I of the Information
_ Guilty of Burglary
_ Guilty of Trespass as a lesser included offense
_ Not guilty
The jury found Fletcher guilty of burglary.
In order for a third degree felony conviction of burglary to be enhanced *114 to a second degree felony of burglary of a dwelling, the jury must make a specific finding that the burglary was of a dwelling, not just a structure. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). “It is a well established rule of law that the judgment of the trial court must conform to the jury’s verdict.” Williams v. State, 511 So.2d 1017, 1019 (Fla. 2d DCA 1987). In Williams the defendant’s conviction for burglary of a dwelling was reversed because “[t]he verdict did not specify burglary of a dwelling nor state that Williams was guilty ‘as charged’ in the information.” Id. As in Williams, the verdict in this case did not specify that Fletcher was guilty of burglary of a dwelling or state that he was guilty as charged. Thus, Fletcher cannot be convicted of burglary of a dwelling. We therefore reverse Fletcher’s conviction for burglary of a dwelling, and remand for resentencing for burglary of a structure, a third degree felony.
Reversed and remanded.