380 So.2d 1042 (1980)
Eugene JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-135.
District Court of Appeal of Florida, Fourth District.
April 16, 1980.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
*1043 Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Appellant was convicted of first degree murder. The jury recommended that appellant be sentenced to death; however, the trial court imposed a sentence of life imprisonment subject to a mandatory twenty-five year term.
Appellant raises four grounds for reversal, only two of which require consideration.
The first basis for reversal urged by appellant is the trial court's refusal to excuse two prospective jurors for cause. Both were eventually removed by peremptory challenges and at the time the jury was accepted appellant still had one unused peremptory challenge.
The basis for challenges for cause are set forth in Section 913.03(9), Florida Statutes (1979). The subsection applicable here states:
(9) The juror is related by blood or marriage within the third degree to the defendant, the attorneys of either party, the person alleged to be injured by the offense charged, or the person on whose complaint the prosecution was instituted. [Emphasis Supplied.]
Prospective juror Hayes was by marriage a first cousin once removed of an investigator for the State Attorney's office. First cousins are related in the fourth degree, so prospective juror Hayes was related within the fifth degree. Since the prohibition goes only to the third degree, the challenge for cause was inappropriate.
The issue is somewhat more difficult with respect to prospective juror McCain, the brother of an assistant State Attorney who, while not directly involved in the prosecution of this case, worked in the same office as the assistant State Attorney who handled the trial. An abundance of caution would seem to require the trial court to grant a challenge for cause where the relationship is within the first three degrees and the related prospective juror is directly connected with the State Attorney's office. On the particular facts of this case we hold that the error, if any, does not rise to the level of reversible error in view of the fact that appellant's peremptory challenges were not exhausted. This is not to say that the defendant in a criminal proceeding must sacrifice his peremptory challenges to correct errors resulting from the trial court's refusal to grant appropriate challenges for cause. Under some circumstances it is clear that reversible error might result. However, such circumstances do not exist in this case.
Appellant urges, as a further basis for reversal, the refusal of the trial court to grant a motion for mistrial directed to testimony of a State witness concerning a polygraph examination. (Appellant also urges error by reason of brief references to a polygraph test in closing arguments, but such references were appropriate to the testimony and were not prejudicial.) The testimony complained of was elicited by defense counsel's questioning of the State's witness. The colloquy went as follows:
Q You were confronted with this lie prior to the time that you gave a sworn statement, is that correct?
A I don't understand.
Q Didn't the agents tell you that you were lying and they could show you were lying and to change your story before you took a sworn statement?
A Did they show me? No.
Q Did they tell you you were lying?
A No.
Q Haven't told you you were lying?
A No.
Q Agent Townsend never told you you were lying?
A Who?
Q Agent Joe Townsend, the older man with the glasses.
A No, he's the one that gave me a polygraph test and he said I passed it.
Q Are you sure he gave you a test and are you sure he said you passed it?
A Yes.
Q Positive?

*1044 A Yes.
Q You are sure about that?
A Yes.
We find that the reference to polygraph tests in the context of this litigation did not constitute reversible error. First, appellant opened this subject and persisted in pursuing it to its inevitable conclusion. The error, if any, was invited by appellant and he may not rely upon it on appeal as prejudicial error. Sullivan v. State, 303 So.2d 632 (Fla. 1974). In addition, no objection was made at the time of the testimony. It is clear that the failure to make timely objection constitutes a waiver of the objection. An exception exists, not applicable here, where the objectionable matter is of such character that neither rebuke nor retraction may entirely destroy its sinister influence. Akin v. State, 86 Fla. 564, 98 So. 609 (1923). See also Nelson v. Reliance Insurance Co., 368 So.2d 361 (Fla. 4th DCA 1978). In the absence of timely objection, the motion for mistrial made at the close of all the testimony came too late.
Appellant suggests that Dean v. State, 325 So.2d 14 (Fla. 1st DCA 1975), involving testimony concerning a lie detector test, requires reversal here. Reliance upon Dean is misplaced, since in that case a motion for mistrial immediately followed the objectionable testimony and thus was the substantial equivalent of timely objection to the inadmissible evidence.
We acknowledge the propriety of the rule that in the absence of stipulation and upon timely objection, the results of polygraph tests are inadmissible. Codie v. State, 313 So.2d 754 (Fla. 1975). On the other hand, failure to object timely to the introduction of inadmissible evidence where the influence of such evidence does not create fundamental error constitutes a waiver of the right to raise that question on appeal. Ashford v. State, 274 So.2d 517 (Fla. 1973).
We therefore affirm.
AFFIRMED.
ANSTEAD and LETTS, JJ., concur.