PER CURIAM.
Appellant seeks review of an order denying his motion for post-conviction relief, which we affirm. The subject order refers to two pages of the trial transcript but none of the transcript was attached to the order as required by Florida Rule of Criminal Procedure 3.850. We ordered the trial clerk to forward copies of the missing pages to determine the validity of appellant’s claim that defense counsel provided ineffective assistance of counsel by cross-examining the key prosecution witness on the positive results of a polygraph test he had taken. Appellant’s motion and the pages of the transcript to which the motion refers fail to meet the test for ineffective representation enunciated in Knight v. State, 394 So.2d 997 (Fla.1981). Instead, the matter forming the basis of appellant’s allegation fell within the judgment of counsel as to trial tactics and strategy. Ferby v. State, 404 So.2d 407 (Fla. 5th DCA 1981). Accordingly, relief on this ground is denied.
Our order also directed the trial clerk to forward page 142 of the trial transcript. That page shows two prospective jurors, Mr. McCain and Mrs. Hayes, were peremptorily challenged by defense counsel and excused. Our opinion in appellant’s direct appeal[1] expressly recites the foregoing. Appellant’s charge that his trial counsel failed to challenge peremptorily both jurors is baseless.
AFFIRMED.
DOWNEY, HERSEY and GLICKSTEIN, JJ., concur.

. Jenkins v. State, 380 So.2d 1042 (Fla. 4th DCA), pet. for rev. denied, 389 So.2d 1111 (Fla.1980).