476 So.2d 748 (1985)
Edward SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2165.
District Court of Appeal of Florida, Third District.
October 8, 1985.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
We are not persuaded that the security measure of excluding a defendant from the bench conference where peremptory challenges are exercised outside the jury's hearing, after he and counsel have had an opportunity to confer as to how each challenge will be exercised, deprives the defendant of participation at a critical stage of the trial proceedings. Cf. Francis v. State, 413 So.2d 1175 (Fla. 1982) (exercise of challenges was conducted in a different room, therefore, defendant was unable to consult with his attorney during selection process).
*749 The second question, as presented by the record in this case, is whether failure of the trial court to require the State to show at a hearing that the defendant has not been prejudiced where the State failed to comply with the discovery rules, Richardson v. State, 246 So.2d 771 (Fla. 1971), is per se reversible even though the error would have otherwise been harmless.
The question must be answered in the affirmative in light of Cumbie v. State, 345 So.2d 1061 (Fla. 1977), and several cases which have applied the Richardson rule. The question was certified to the supreme court by the fourth district for re-examination in Hall v. State, 477 So.2d 572 (Fla. 4th DCA 1985) and by a panel of this court in R.R. v. State, 476 So.2d 218 (Fla.3d DCA 1985). We join in certifying the question as one of great public importance.
Is a new trial required when the trial court's failure to conduct a Richardson inquiry is, in the opinion of the reviewing court, harmless error?
Reversed. Question certified.