523 So.2d 1283 (1988)
Alphonso WILLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1464.
District Court of Appeal of Florida, Fourth District.
May 4, 1988.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
We affirm appellant's convictions of burglary and grand theft after a jury trial.
We find no error by the trial court in the way it handled a discovery violation by the state. While we agree with appellant that a discovery violation was demonstrated, we find the inquiry by the trial court concerning the violation to be adequate and no abuse of discretion demonstrated in permitting the previously undisclosed photographs to be admitted into evidence.
We also find no error in the refusal of the trial court to allow appellant's personal participation in a side bar conference between the court and counsel conducted for the purpose of allowing counsel to advise the court of any peremptory challenges of jurors sought to be excluded. During the selection of the jury the following exchange took place between the court and defense counsel:
MS. YOUNG: All right.
Thank you very much for listening to me. That is all I have.
THE COURT: Thank you, Miss Young.
Speak with your client and when you are finished, come side bar, please.
(Whereupon, the following discussion was held at the bench)
THE COURT: Alright. State?
MR. GEESEY: I accept the panel, Judge.
THE COURT: You accept?
Yes, ma'am?

*1284 MS. YOUNG: Your Honor, at this time, I'd like to make a motion to strike the panel because there are no members of my client's ethnic race in the whole venire. My client is a black male and there are no blacks on the whole panel.
THE COURT: Alright, fine. That motion is denied.
MS. YOUNG: Your Honor, I would also like to ask if my client could be present while I pick the jury?
THE COURT: Your client is present when you pick the jury. He is sitting at the table. He is not present at the side bar on the conference on the challenges. You are asking that he be present here?
MS. YOUNG: Yes.
THE COURT: That is denied. You have the right to consult with him before you accept and I keep telling you, "consult with your client and come side bar," and you have been talking with him no less than five minutes so I am going to deny his right to be present up here at this side bar because we are cramped for space here. He simply does not have that right, period.
Do you have any challenges?
MS. YOUNG: No, we will accept the panel.
The record reflects that the jury was selected in appellant's presence and with no limitations on appellant's ability to consult with counsel before any decisions or challenges were made. Cf. Smith v. State, 476 So.2d 748 (Fla. 3d DCA 1985). The trial court is entitled to substantial discretion and latitude in conducting a trial, and we do not believe that appellant has demonstrated any abuse of that discretion on the record presented here.
GLICKSTEIN and DELL, JJ., concur.