SCHOONOVER, Judge.
The appellant, Clifford Adel Price, challenges the judgments and sentences imposed upon him after he was found guilty of six felonies. We affirm.
The appellant was charged with, and found guilty of, one count of sexual battery and one count of lewd assault on C.P. He was also charged with, and found guilty of, four counts of lewd assault on B.N. Although we reject all of the appellant's contentions on appeal, we find that one of them merits discussion.
During the course of the appellant’s trial, the assistant state attorney announced that he intended to have witnesses testify concerning prior consistent statements made by both of the young victims. He took the position that the testimony was admissible to rebut a charge of recent fabrication. The appellant did not object, and the testimony was presented to the jury. The jury found the appellant guilty as charged, and he filed a timely notice of appeal from the judgments and sentences entered upon the jury verdicts.
The appellant contends that the trial court erred by admitting the prior consistent statements and that he is entitled to receive a new trial. We disagree. It is not necessary for us to decide if the evidence was admissible under section 90.801(2)(b), Florida Statutes (1985). See, e.g., Wise v. State, 546 So.2d 1068 (Fla.2d DCA 1989); Bianchi v. State, 528 So.2d 1309 (Fla. 2d DCA 1988); Preston v. State, 470 So.2d 836 (Fla. 2d DCA 1985). It is also not necessary for us to decide if any error was harmless. See, e.g., Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986). When the state announced its intention to present the testimony, the appellant’s attorney stated that he was not going to make any objections and that if the assistant state attorney wanted to put such statements into evidence, it was “fine” with him. Except in cases of fundamental error, we will not consider an issue unless it was specifically raised as the legal basis for the objection in the trial court. Stone v. State, 547 So.2d 657 (Fla. 2d DCA 1989); Washington v. State, 510 So.2d 355 (Fla. 2d DCA 1987); Page v. State, 412 So.2d 454 (Fla. 2d DCA 1982). In this case, the error, if any, was not fundamental. See Stone. See also Glendening v. State, 536 So.2d 212 (Fla.1988); Ashford v. State, 274 So.2d 517 (Fla.1973). Accordingly, since the appellant did not object to the admissibility of the statements and any error in admitting them *729 would not constitute fundamental error, we affirm.
Affirmed.
CAMPBELL, C.J., and PATTERSON, J., concur.