658 So.2d 621 (1995)
Glenn OGDEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-621.
District Court of Appeal of Florida, Third District.
July 19, 1995.
Rehearing Denied August 23, 1995.
*622 Bennett H. Brummer, Public Defender and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before HUBBART and GERSTEN and GODERICH, JJ.
PER CURIAM.
This is an appeal by the defendant Glenn Ogden from judgments of conviction and sentences for (1) capital sexual battery on a child of less than twelve years of age [§ 794.011(2), Fla. Stat. (1991)], and (2) lewd and lascivious act [§ 800.04(4), Fla. Stat. (1991)], which were entered upon an adverse jury verdict. We affirm.
First, we reject the defendant's contention that the trial court committed reversible error in conducting a bench conference with counsel for the state and the defendant, at which the defendant himself was not present. The record shows that defense counsel was given an opportunity to consult with the defendant just prior to this bench conference; accordingly, no reversible error has been shown. Jones v. State, 569 So.2d 1234, 1237 (Fla. 1990). The requirement that the trial court obtain an express waiver from defendant himself of the right to be personally present at such a bench conference, as recently established in Coney v. State, 653 So.2d 1009 (Fla. 1995), was inapplicable to this case as (a) said requirement was expressly made prospective only, and (b) the instant case was tried well before the effective date of Coney, id. at 1013. Armstrong v. State, 642 So.2d 730, 738 (Fla. 1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1799, 131 L.Ed.2d 726 (1995); Bundy v. State, 471 So.2d 9 (Fla. 1985), cert. denied, 479 U.S. 894, 107 S.Ct. 295, 93 L.Ed.2d 269 (1986).
Second, we reject the defendant's contention that the trial court committed reversible error in failing to exclude for cause a juror who was the presiding judge's personal secretary. The defendant made no motion to exclude such juror for cause, and, indeed, accepted the jury of which this juror was a member, although the defendant had several unexercised peremptory challenges when he accepted the jury; accordingly, the defendant has not preserved the point for appellate review. State v. Rodgers, 347 So.2d 610 (Fla. 1977); Ex parte Sullivan, 155 Fla. 111, 19 So.2d 611 (1944); Jenkins v. State, 380 So.2d 1042 (Fla. 4th DCA), rev. denied, 389 So.2d 1111 (Fla. 1980); Denmark v. State, 656 So.2d 166 (Fla. 1st DCA 1995) [20 Fla. L. Weekly D490]. Moreover, no fundamental *623 error has been shown on this record as it is clear that the subject juror was fully qualified under Florida law to sit as a juror in this case.
Third, we reject the defendant's contention that the trial court committed reversible error in admitting certain hearsay statements of the child/complainant; we conclude that such statements were properly admitted under Section 90.803(23), Florida Statutes (1991). In particular, we reject the defendant's contention that the witness who testified to such statements at trial was not qualified to testify because she was not an expert witness in psychology or child sexual abuse; clearly, there is no such expert witness requirement under the above statute, as a lay witness as well as an expert witness may testify to such hearsay statements. Nor do we agree with the defendant's contention that the witness was disqualified from testifying because of her alleged perjury or fraud on the court; no such disqualifying perjury or fraud was shown below. Moreover, the defendant's contention that the hearsay statements were not trustworthy based on certain defense testimony adduced before the jury at trial that the witness did not use the correct methods in eliciting such hearsay statements has not been properly preserved for appeal. The defendant never objected below to such testimony based on this ground; accordingly, the defendant may not now attack the admissibility of such statements based on untrustworthiness for the first time on appeal. See Glendening v. State, 536 So.2d 212 (Fla. 1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989); Steinhorst v. State, 412 So.2d 332 (Fla. 1982); Diaz v. State, 618 So.2d 346 (Fla. 2d DCA), rev. denied, 626 So.2d 204 (Fla. 1993); Price v. State, 553 So.2d 728 (Fla. 2d DCA 1989), rev. denied, 564 So.2d 488 (Fla. 1990).
Finally, we reject the balance of the remaining points on appeal raised by the defendant. There was clearly sufficient evidence to convict the defendant of the crimes for which he was charged and found guilty by the jury. The defendant's complaints concerning the prosecuting attorney's opening and closing argument to the jury, as well as the cross examination of the defendant, have not been preserved for appellate review by an appropriate objection at trial; moreover, no fundamental error has been shown on these points. And, on the face of this record we do not agree that the defendant received ineffective assistance of counsel; any contention to that effect will have to be raised, if at all, on a motion to vacate conviction and sentence under Fla.R.Crim.P. 3.850. See McKinney v. State, 579 So.2d 80 (Fla. 1991); Kelley v. State, 486 So.2d 578 (Fla.), cert. denied, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986); Thompson v. State, 640 So.2d 1256 (Fla. 3d DCA 1994).
Affirmed.