PER CURIAM.
Appellant challenges his habitual offender sentence on the ground that the trial court erred in not granting appellant’s motion for an evidentiary hearing on the question of whether the habitual felony offender statute, section 775.084, Florida Statutes (1991), is applied in a racially disparate manner.
In Pittman v. State, 633 So.2d 1125 (Fla. 1st DCA 1994), rev. denied, 642 So.2d 747 (Fla.1994), this court affirmed a habitual felony offender sentence where the appellant had submitted statistical evidence which he alleged demonstrated that black defendants were more likely than white defendants to receive an enhanced sentence under the habitual offender statute. There, this court relied on Foster v. State, 614 So.2d 455 (Fla. 1992), to find that the appellant had not offered any evidence of purposeful discrimination against him particularly. Similarly, in Dawson v. State, 636 So.2d 858 (Fla. 1st DCA 1994), rev. denied, 648 So.2d 722 (Fla. 1994), this court affirmed appellant’s sentence as a habitual felony offender where appellant’s motion for an evidentiary hearing below referred only to data suggesting racial bias in a general sense, with no allegation that appellant was subjected to purposeful discrimination in his particular case.
As in Dawson, the appellant in the instant case argues that the court erred in denying an evidentiary hearing so that he could have an expert witness testify that the Economic and Demographic Research Division report demonstrates that the habitual offender statute is applied in a racially discriminatory manner, but offered no showing of how the statute was applied in a racially discriminatory manner as to him.
Accordingly, we affirm appellant’s sentence.
JOANOS, WOLF and WEBSTER, JJ„ concur.