660 So.2d 370 (1995)
Courtney QUINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2395.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
*371 Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
The appellant seeks to apply the holding of Coney v. State, 653 So.2d 1009 (Fla. 1995), to his case.[1] In Coney, the supreme court held that when peremptory challenges are exercised in a bench conference where the defendant's presence at the bench may be physically impossible, the court must certify through proper inquiry either that the defendant has knowingly, intelligently, and voluntarily waived his right to be present at this critical stage of proceedings or that the defendant approves of the strikes made in defendant's absence. We hold that, in accordance with its express language, Coney is prospective only, and that on this record the defendant was present and ratified the strikes made by his counsel. Therefore, the trial court did not abuse its discretion in the conduct of jury selection.
The record reflects that jury selection was accomplished in a sidebar conference. Counsel for the defendant and the state conducted the selection at the bench. After both attorneys stated that they were satisfied with the jury, the court asked whether defense counsel wanted to talk with the defendant. The following colloquy took place.
THE COURT: You want to talk with your client now?
MR. HADDAD: Yeah, can I Judge?
THE COURT: Certainly, absolutely. You want to bring him up here?
MR. HADDAD: Yes.
THE COURT: Looks good to you all? I am going to mark them. Make sure we have the right people. I will make sure they have the right ones here. This looks fine?
MR. PRATHER: That's fine. I want to place on the record that the defendant did have an opportunity to come up here, and waive his right to participate in the jury selection on the part of the defense, he didn't 
THE COURT: He didn't waive any right.
MR. PRATHER: Or participated.
THE COURT: Absolutely.
We interpret the last colloquy as the court's determination that the defendant did not waive his right to participate, because the defendant actually participated in jury selection. The defendant was allowed to come forward and consult with his attorney to review the selections made.
Thereafter, the court called the jurors to be seated. The court called one juror which did not agree with the list that had been shown by defense counsel to the defendant. Defense counsel asked to approach the bench, and the court questioned the attorney as to what had been shown to the defendant. Based upon the jury list that the attorney had shown to the defendant, the court removed one juror and substituted the juror desired by the defendant. The court then asked whether there was any need to bring the defendant back to the bench to confirm his selection. The defense attorney stated that bringing him back to the bench was not necessary.
Prior to Coney, the supreme court had required the presence of the defendant at jury selection or the waiver of his presence when the defendant was actually absent from the place where the jury selection was made. See Francis v. State, 413 So.2d 1175 (Fla. 1982); State v. Melendez, 244 So.2d 137 (Fla. 1971). Where the defendant was present in court but not at the bench when the actual selection was made, this court held that the jury was selected in the defendant's presence where there were no limitations on the defendant's ability to consult with counsel before any decisions or challenges were made. See Willis v. State, 523 So.2d 1283 (Fla. 4th DCA 1988); see also Lewis v. State, 566 So.2d 270 (Fla. 2d DCA 1990); Smith v. State, 476 So.2d 748 (Fla. 3d DCA 1985). In this case, the defendant had the opportunity to consult with counsel and to actually come to the bench to do that consulting. Under the pre-Coney cases, the trial court did not abuse its discretion or deny the appellant his *372 constitutional right to be present at a critical stage of the proceedings. However, we caution the trial court that Coney now requires the physical presence of the defendant at the bench or the express questioning of the defendant as to his waiver of his right to be present, or, alternatively, his express ratification of the jury selection made.
In case no. 93-13614CF we remand however, to correct the written sentencing judgment to conform to the oral pronouncement of sentence and the statutory maximum of five years. The state concedes this obvious clerical error.
Case no. 93-13613CF is affirmed. Case no. 93-13614CF is remanded to correct the written sentencing judgment.
GUNTHER, C.J., and POLEN, J., concur.
NOTES
[1] Coney was decided after the trial in this case.