668 So.2d 1094 (1996)
Alfredco LETT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-4211.
District Court of Appeal of Florida, First District.
March 5, 1996.
Nancy A. Daniels, Public Defender; Raymond Dix, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Patrick Martin, Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the motion for rehearing and, grant, in part, and deny, in part, the motion for certification filed by appellant, Alfredco Lett; withdraw our previous opinion filed in this cause; and substitute the following opinion. Appellant's motion for rehearing en banc is denied.
Alfredco Lett appeals his conviction for aggravated assault and aggravated battery, arguing that the trial court erred in denying Lett's motion for judgment of acquittal and that he is entitled to a new trial under Coney v. State, 653 So.2d 1009 (Fla.1995), because the record does not reflect that he was present at bench conferences during voir dire. We affirm, but certify a question of great public importance.
With respect to the first issue raised by Lett, we agree with the trial court that the unrebutted victim's testimony alone provided sufficient evidence to submit the charges to the jury.
With respect to his second issue, even if we assume the record reflects that Lett was not present at voir dire bench conferences,[1]Coney does not require a new trial *1095 here. The Coney opinion specifically limits its holding that the "defendant has a right to be physically present at the immediate site where pretrial juror challenges are exercised" to "prospective" application. Id. at 1013. The question presented here is whether the supreme court in Coney intended "prospective" application to exclude the application of the Coney decision to defendants in so-called "pipeline" cases; that is, to defendants, such as the defendant in the instant case, whose cases were pending on direct review or not yet final at the time of the issuance of the Coney decision.
The state argues that the supreme court's use of "prospective" in prior cases precludes the application of Coney to pipeline cases. See, Fenelon v. State, 594 So.2d 292, 293, 295 (Fla.1992) ("We agree with the State that giving the flight instruction, even if erroneous, was harmless beyond a reasonable doubt....," and "we approve the result below although we direct that henceforth the jury instruction on flight shall not be given."); and Taylor v. State, 630 So.2d 1038, 1042 (Fla.1993) ("This Court intended that the holding in Fenelon be applied prospectively only, and, since Taylor was tried before our decision in Fenelon was issued, the trial court did not err given the circumstances of this case."). Lett, on the other hand, argues that to exclude pipeline cases from Coney's application would conflict with Smith v. State, 598 So.2d 1063, 1066 (Fla.1992), where the court held that:
[A]ny decision of this Court announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by the courts of this state in every case pending on direct review or not yet final. Art. I, §§ 9, 16 Fla. Const.
(Footnote omitted).
However, in Wuornos v. State, 644 So.2d 1000 (Fla.1994), the court addressed this apparent conflict between its holding in Smith and its rulings in cases in which the court has specified prospective application. In Wuornos, the court ruled that its holding in Castro v. State, 597 So.2d 259 (Fla.1992), recognizing a new jury instruction requirement, "was intended to have prospective effect only...." Wuornos, 644 So.2d at 1007. In a footnote, the court:
Recognize[d] that this holding may seem contrary to a portion of Smith v. State [citation omitted], which can be read to mean that any new rule of law announced by this Court always must be given retrospective application. However, such a reading would be inconsistent with a number of intervening cases. [Citations omitted] We read Smith to mean that new points of law established by this Court shall be deemed retrospective with respect to all non-final cases unless this Court says otherwise.

Id. at 1007-1008, n. 4 (emphasis added). We read this footnote in Wuornos to mean that, whenever the supreme court specifies that its announcement of a new rule of law will have "prospective" application only, it has "said otherwise" and intends the ruling not to have the retrospective application to pipeline cases provided by Smith. Although we have considerable concern about adopting a rule that would apply the constitutional right recognized in Smith in some cases, while not applying the Smith rule to other cases, without a clear articulation of a rationale to govern its application, such a result seems required by Wuornos. Accordingly, we conclude that the court's express limitation of Coney to prospective application precludes the application of Coney to cases pending on direct appeal or not yet final at the time of the issuance of the Coney opinion. Thus, the Coney ruling does not apply to the instant case, a case in the pipeline at the time Coney was decided.
Because we recognize that the language in the Wuornos footnote, at least as we read it, limits the application of constitutional rights recognized in Smith and may be susceptible to other interpretations, and that numerous Coney-type cases are in the pipeline, we certify to the Florida Supreme Court the following question:
DOES THE DECISION IN CONEY APPLY TO "PIPELINE CASES," THAT IS, *1096 THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME CONEY WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
AFFIRMED.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] We note that the trial transcript does not reflect whether Lett was present or absent at voirdire bench conferences.