670 So.2d 169 (1996)
Brian David LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-56.
District Court of Appeal of Florida, First District.
March 25, 1996.
John C. Harrison, P.A., Shalimar, for appellant.
Robert A. Butterworth, Attorney General; Patrick Martin, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Brian David Lee appeals from a judgment and sentence entered after being found guilty of third-degree murder, attempted third-degree murder, and shooting into an occupied vehicle. Appellant raises four points on appeal: (1) Whether the trial court erred in permitting the prosecutor to make improper remarks during closing argument; (2) whether the trial court erred in enhancing the degree of the crimes for which the appellant was sentenced; (3) whether it was error for the appellant to be excluded from a side bar conference when peremptory strikes were exercised; and (4) whether appellant's conviction for attempted third-degree murder must be reversed pursuant to State v. Gray, 654 So.2d 552 (Fla.1995).
We find no merit as to issue one, and affirm without further discussion. As to issue two, we find that appellant's conviction as to third-degree murder should not have been enhanced as a result of using a firearm; an essential element of the underlying offense was use of a firearm. See Gonzalez v. State, 585 So.2d 932 (Fla.1991). We, therefore, remand for entry of a new judgment and resentencing as to that issue.
*170 As to issue three, we find no merit in appellant's position because the holding in Coney v. State, 653 So.2d 1009 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), was prospective only and does not apply in this case. See Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996). We do, however, certify the same question as we certified in Lett:
DOES THE DECISION IN CONEY APPLY TO "PIPELINE CASES," THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME CONEY WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
As to issue four, we reverse the conviction for attempted third-degree murder pursuant to State v. Gray, 654 So.2d 552 (Fla.1995). We, therefore, remand to the trial court pursuant to Pratt v. State, 668 So.2d 1007 (Fla. 1st DCA 1996), and certify the following questions as being of great public importance:
WHEN A DEFENDANT IS CHARGED WITH ATTEMPTED SECOND-DEGREE MURDER AND IS CONVICTED BY A JURY OF THE CATEGORY 2 LESSER-INCLUDED OFFENSE OF ATTEMPTED THIRD DEGREE (FELONY) MURDER, DO STATE V. GRAY, 654 So.2d 552 (Fla.1995), AND SECTION 924.34, FLORIDA STATUTES (1991), REQUIRE OR PERMIT THE TRIAL COURT, UPON REVERSAL OF THE CONVICTION TO ENTER JUDGMENT FOR ATTEMPTED VOLUNTARY MANSLAUGHTER, A CATEGORY 1 NECESSARILY INCLUDED LESSER OFFENSE OF THE CRIME CHARGED? IF THE ANSWER IS NO, THEN DO LESSER-INCLUDED OFFENSES OF THE CHARGED OFFENSE REMAIN VIABLE FOR A NEW TRIAL?
BOOTH, JOANOS and WOLF, JJ., concur.