PER CURIAM.
Dino Howard appeals his conviction and sentences for third degree murder and attempted armed kidnapping, arguing among other things that reversal is required under Coney v. State, 653 So.2d 1009 (Fla.1995), because the record does not reflect that Howard was present at side-bar conferences at which challenges to the jury venire were exercised. We affirm all issues on appeal, except for the ordered restitution, and certify a question of great public importance relating to the application of Coney to “pipeline” cases. We reverse the order of restitution and remand for further proceedings and for the entry of a corrected judgment.
For reasons that are fully spelled out in this court’s opinion in Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996), Corny does not require a new trial here because the court in Coney excluded its application to cases, such as the instant case, which were “in the pipeline” at the time Coney was decided. As in Lett, we also certify the following question:
DOES THE DECISION IN CONEY APPLY TO “PIPELINE CASES,” THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME CONEY WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
*1150 In addition to imposing a prison term, the written sentence directs that Howard pay restitution. However, the sentencing court did not announce at the time of sentencing that appellant would be required to pay restitution. Further, no factual basis has been established in the record for the amount of restitution ordered and no stipulation appears in the record as to the amount, contrary to the suggestion by the lower court in its written order. The state concedes, and we agree, that the order of restitution must be reversed, and the cause is remanded for proceedings consistent with this opinion. Dubois v. State, 650 So.2d 228 (Fla. 1st DCA 1995). While on remand, the lower court is instructed to enter a corrected judgment deleting the reference to section “787.01'’, a non-existent statute, and adding the correct statutory reference. Further, while on remand, appellant is to be specifically advised of the amount of public defender fees sought to be assessed and of his statutory right to challenge that amount. Bull v. State, 548 So.2d 1103 (Fla.1989).
AFFIRMED in part, REVERSED in part and REMANDED.
BOOTH, WOLF AND VAN NORTWICK, JJ., concur.