671 So.2d 226 (1996)
Bruce H. BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 94-4214.
District Court of Appeal of Florida, First District.
April 8, 1996.
Nancy A. Daniels, Public Defender, and Fred Parker Bingham, II, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Robert A. Butterworth, Attorney General, and Jean-Jacques A. Darius, Assistant Attorney General, Department of Legal Affairs, Tallahassee, Attorneys for Appellee.
PER CURIAM.
This cause is before us on appeal from Appellant's conviction and sentence for trafficking in heroin or its derivative in violation of section 893.135(1)(c), Florida Statutes. We affirm in part, and reverse and remand in part.
Appellant argues that reversible error occurred under Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), because he was absent from sidebar when counsel exercised their peremptory strikes. In Coney, the Florida Supreme Court held that a defendant has the right to be physically present at the immediate site where peremptory challenges are exercised. 653 So.2d at 1012-1013. The Florida Supreme Court further held that its holding was to be applied prospectively only. In Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996) (on rehearing), this court interpreted the term "prospective" as used in Coney to mean that Coney would not apply to "pipeline cases." See also Quince v. State, 660 So.2d 370 (Fla. 4th DCA 1995); Ogden v. State, 658 So.2d 621 (Fla. 3d DCA), rev. denied, 666 So.2d 144 (Fla.1995). Since Coney was decided during the pendency of this appeal, Coney does not apply, and we affirm Appellant's conviction on this issue. However, as in Lett, we certify the following question to the supreme court:

*227 DOES THE DECISION IN CONEY APPLY TO "PIPELINE CASES," THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME CONEY WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
In addition, we find no merit to Appellant's arguments that the trial court erred in failing to conduct a full Richardson hearing and failing to grant Appellant's motion for mistrial. Thus, we affirm without further comment. We must reverse and remand, however, the trial court's imposition of a $100 cost to "FCLTF" because there is no notation to statutory authority or any explanation in the record indicating what the cost represents. Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994).
BOOTH, JOANOS and WOLF, JJ., concur.