PER CURIAM.
This cause is before us on appeal from Appellant’s conviction and sentence for sexual battery without the use of force likely to cause serious personal injury. Appellant raises three issues, only two of which merit discussion.
Appellant argues that reversible error occurred under Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. —, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), because he was absent from sidebar when counsel exercised their peremptory strikes. Coney, however, is not applicable to the case sub judice because it was decided during the pendency of this appeal, and its application was held to be prospective only. Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996) (on rehearing) (the term “prospective” as used in Coney means that Coney does not apply to “pipeline cases”); see also Quince v. State, 660 So.2d 370 (Fla. 4th DCA 1995); Ogden v. State, 658 So.2d 621 (Fla. 3d DCA), rev. denied, 666 So.2d 144 (Fla.1995). Accordingly, we affirm Appellant’s conviction on this issue but, as in Lett, certify the following question to the supreme court:
DOES THE DECISION IN CONEY APPLY TO “PIPELINE CASES,” THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME CONEY WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
Appellant also argues that the trial court erred in finding that Appellant qualified for habitual violent felony offender sentencing. The trial court, over objection, used an Indiana conviction for sexual battery as a predicate violent felony for purposes of habitual violent felony offender sentencing. See § 775.084(l)(b), Fla.Stat. This was error.
Our review of the statutes in question leads us to the conclusion that the crime of sexual battery in Florida is not analogous to the crime of sexual battery in Indiana for purposes of the habitual violent felony sentencing. Each crime requires elements that the other does not.[1] See, e.g., Dautel v. State, 658 So.2d 88 (Fla.1995); Forehand v. State, 537 So.2d 103 (Fla.1989).
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
BOOTH, WOLF and VAN NORTWICK, JJ., concur.

. Indiana has a separate crime of "Rape.” Ind. Code § 35-42-4-1.