*233
ON MOTION FOR REHEARING

PER CURIAM.
This direct criminal appeal was affirmed without opinion. Appellant has nqw filed a motion for clarification, rehearing, rehearing en banc and/or certification. He asserts that he is entitled to a new trial because, though present in the courtroom during jury selection, he was not present at the bench when peremptoiy challenges were exercised, and there is no evidence that he waived his right to be present. We affirm. Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996) (on rehearing). However, we grant the request for certification, and certify to the supreme court the same question certified on rehearing in Lett:
DOES THE DECISION IN CONEY [V. STATE, 653 So.2d 1009 (Fla.1995)] APPLY TO “PIPELINE CASES,” THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES'WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME CONEY WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
In all other respects, appellant’s motion is denied. Appellant’s judgment and sentence are affirmed.
AFFIRMED.
MINER, WEBSTER and MICKLE, JJ., concur.