676 So.2d 26 (1996)
Torace JONES and Charlie Gasper, Appellants,
v.
STATE of Florida, Appellee.
Nos. 94-1737, 94-1824.
District Court of Appeal of Florida, First District.
June 13, 1996.
Rehearing Denied July 23, 1996.
Nancy A. Daniels, Public Defender; Kathleen Stover, Jamie Spivey and Nada M. Carey, Assistant Public Defenders, Tallahassee, for Appellants.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In these two consolidated appeals, appellants seek review of their sentences, Jones as an habitual violent felony offender, and Gasper as an habitual felony offender. Both assert that they are entitled to have their sentences set aside, and to be resentenced pursuant to the guidelines, because the state attorney's decision to request habitual offender treatment was racially motivated. We affirm.
In the trial court, appellants, who are black, relied principally on a statistical analysis which, according to them, established that, in the Second Judicial Circuit, blacks were being sentenced as habitual offenders some three times more frequently than were supposedly similarly situated whites. In a well-reasoned order, the trial court found that the analysis was flawed in significant respects. It is unnecessary to address the structure and validity of the analysis because the trial court also found that the evidence presented by appellants failed to establish that the state attorney had acted with a discriminatory purpose in their casesi.e., that the decision to seek habitual offender treatment in their cases was motivated by racial prejudice. Because it concluded that proof of such intent was a necessary prerequisite to such a claim, it denied relief. We believe that the trial court applied the correct legal test, and that its finding of a lack of proof of such intent is clearly supported by the record.
The United States and Florida Supreme Courts have both held that a defendant must prove that the decision-maker acted with a discriminatory purpose in his or her case to be entitled to relief of the type appellants seek heregeneral statistical analyses are unavailing. McCleskey v. Kemp, 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987) (denying challenge to *27 Georgia death sentencing procedure as unconstitutional because statistical analysis indicated that race was a factor in sentencing decisions); Foster v. State, 614 So.2d 455, 463 (Fla.1992) (claim that state attorney based decision to seek death penalty on racial considerations legally insufficient absent proof "that the state attorney's office acted with purposeful discrimination in seeking the death penalty in his case"), cert. denied, 510 U.S. 951, 114 S.Ct. 398, 126 L.Ed.2d 346 (1993). Relying on these precedents, the district courts of appeal of this state have consistently held that statistical disparities are not probative in establishing that the habitual offender statute is being applied in a racially discriminatory manner, and that a defendant must prove that he or she was subjected to purposeful discrimination based on race to establish such a claim. E.g., Bartley v. State, 657 So.2d 1272 (Fla. 1st DCA 1995); Miller v. State, 651 So.2d 138 (Fla. 3d DCA), review denied, 659 So.2d 1087 (Fla. 1995); McKinley v. State, 650 So.2d 1052 (Fla. 2d DCA 1995); Hartley v. State, 650 So.2d 1044 (Fla. 4th DCA 1995); Pittman v. State, 633 So.2d 1125 (Fla. 1st DCA), review denied, 642 So.2d 747 (Fla.1994). We have found nothing in appellants' arguments to persuade us to recede from this requirement. Accordingly, appellants' sentences are affirmed.
AFFIRMED.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.