PER CURIAM.
In this direct criminal appeal, appellant raises three issues: (1) whether the trial court erred when it permitted evidence of an impermissibly suggestive pretrial photographic identification; (2) whether his absence from the bench during the exercise of jury challenges constitutes reversible error; and (3) whether he is entitled to have his sentence as an habitual violent felony offender set aside, and to be resentenced pursuant to the guidelines, because the state attorney’s decision to request habitual offender treatment was racially motivated. We affirm.
*1028 Appellant s first issue is based on the assertion that a pretrial photographic identification was impermissibly suggestive and, accordingly, should not have been permitted in evidence. Our review of the record satisfies us that it was not error to permit evidence regarding the pretrial photographic identification. Under the totality of the circumstances, the procedure did not give rise to a substantial likelihood of irreparable misidentification. State v. Cromartie, 419 So.2d 757 (Fla. 1st DCA), review dismissed, 422 So.2d 842 (Fla.1982).
By his second issue, appellant asserts that he is entitled to a new trial because, although present in the courtroom during jury selection, he was not physically present at bench conferences during which jury challenges were exercised. Appellant’s trial took place before release of the opinion in Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). Accordingly, we conclude that Coney is inapplicable. Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996). Pursuant to the rule which preceded that announced in Coney, appellant’s rights were not violated. Francis v. State, 413 So.2d 1175 (Fla.1982). However, as in Lett, we certify the following to be a question of great public importance:
DOES THE DECISION IN Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), APPLY TO “PIPELINE CASES,” THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT APPEAL OR OTHERWISE NOT YET FINAL WHEN THE OPINION WAS RELEASED?
Finally, we affirm appellant’s habitual violent felony offender sentence on the authority of Jones v. State, 676 So.2d 26 (Fla. 1st DCA 1996).
AFFIRMED.
WEBSTER, MICKLE and LAWRENCE, JJ., concur.