677 So.2d 55 (1996)
Mary Antonia PAGE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-454.
District Court of Appeal of Florida, First District.
July 12, 1996.
Nancy A. Daniels, Public Defender; Abel Gomez, Assistant Public Defender; Michael A. Wasserman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Amelia L. Beisner, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant claims entitlement to a new trial because she was not physically present at bench conferences during which jury challenges were exercised; and the state cross-appeals, asserting that the trial court erroneously granted a motion to suppress a statement made by appellant to the authorities. We affirm.
The record reflects that, while appellant was present in the courtroom during jury selection, she was not physically present at bench conferences during which jury challenges were exercised. Because appellant's trial took place before release of the opinion in Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), we conclude that Coney is inapplicable. Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996). Pursuant to the rule which preceded that announced in Coney, *56 appellant's rights were not violated. Francis v. State, 413 So.2d 1175 (Fla.1982). However, as in Lett, we certify the following to be a question of great public importance:
DOES THE DECISION IN CONEY V. STATE, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), APPLY TO "PIPELINE CASES," THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT APPEAL OR OTHERWISE NOT YET FINAL WHEN THE OPINION WAS RELEASED?
In light of our resolution of the issue raised by appellant, we decline to address the issue raised by the state on cross-appeal, notwithstanding the second sentence of section 924.07(1)(d), Florida Statutes (1995). Were we to comply with that provision in a case such as this, we would clearly be rendering what amounted to nothing more than an advisory opinion. See generally Walker v. State, 459 So.2d 333 (Fla. 3d DCA 1984) (declining to consider state's cross-appeal when result would be advisory opinion), review denied, 469 So.2d 750 (Fla.1985). We are of the view that, to the extent the statute purports to dictate to the courts what issues must be addressed, regardless of necessity, it constitutes a violation of the separation of powers. However, we also certify the following to be a question of great public importance:
IS SECTION 924.07(1)(d), FLORIDA STATUTES (1995), AN UNCONSTITUTIONAL VIOLATION OF THE PRINCIPAL OF SEPARATION OF POWERS TO THE EXTENT THAT IT PURPORTS TO MANDATE THAT AN APPELLATE COURT MUST RULE UPON ISSUES RAISED BY THE STATE IN A CROSS-APPEAL, REGARDLESS OF THE DISPOSITION OF THE DEFENDANT'S APPEAL?
AFFIRMED.
MICKLE and LAWRENCE, JJ., concur.