BARKDULL, Judge.
Appellant Garcia was charged with one count of first degree murder and the jury returned a verdict of guilty of second degree murder with a firearm. Garcia appeals his conviction and sentence contending that the failure of the trial court to personally inquire whether he waived his presence at a bench conference, during which strikes and challenges to the jury were made, was reversible error. The defendant relies on Coney v. State, 653 So.2d 1009 (Fla.1995), cert. denied, — U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995) and asserts that the trial court’s failure to obtain an express waiver constitutes fundamental error. The State answers that the defendant waived his right to be present at the bench conference because he made no objection and as such, the issue is not preserved for review. The State also contends that even if it were preserved, pre-Coney law applies to this case.
We agree with the State that the defendant waived his right to be present at the bench when the jury challenges were exercised. This court has held that Coney v. State, 653 So.2d 1009 (Fla.1995), which established the requirement that the trial court obtain an express waiver from the defendant himself of the right to be personally’ present at such a bench conference, applies prospectively only. Ogden v. State, 658 So.2d 621 (Fla. 3d DCA 1995), rev. denied, 666 So.2d 144 (Fla.1995). In Ogden, as in this case, defense counsel had an opportunity to consult with the defendant just prior to the bench conference and the trial occurred well before the decision in Coney. Under these facts, there is no reversible error shown. See also Jones v. State, 569 So.2d 1234, (Fla.1990), cert. denied, 510 U.S. 836, 114 S.Ct. 112, 126 L.Ed.2d 78 (1993).
We note that both the First and Fourth District Courts of Appeal have also held that Coney applies prospectively only, see Lett v. State, 668 So.2d 1094 (Fla. 1st DCA 1996); *18 Quince v. State, 660 So.2d 370 (Fla. 4th DCA 1995), although the First District has certified that question to the Florida Supreme Court in Lett and several eases that follow.[1] Since there will continue to be numerous Coney-type eases on appeal, we certify to the Florida Supreme Court the same question certified by the First District:
DOES THE DECISION IN CONEY APPLY TO “PIPELINE CASES,” THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME CONEY WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
As to the defendant’s second point on appeal, the State concedes that the trial court sentenced the defendant based upon an incorrectly calculated scoresheet. Since the correct point total would have placed the defendant in the next lower cell, we reverse and remand for resentencing based upon a correctly calculated scoresheet. See Diaz v. State, 667 So.2d 991 (Fla. 3d DCA 1996).
Affirmed in part, reversed in part and remanded for resentencing.

. Horn v. State, 677 So.2d 320 (Fla. 1st DCA 1996); Gainer v. State, 671 So.2d 240 (Fla. 1st DCA 1996); Berwick v. State, 671 So.2d 232 (Fla. 1st DCA 1996); Bell v. State, 671 So.2d 226 (Fla. 1st DCA 1996); Branch v. State, 671 So.2d 224 (Fla. 1st DCA 1996); Howard v. State, 670 So.2d 1149 (Fla. 1st DCA 1996); Lee v. State, 670 So.2d 169 (Fla. 1st DCA 1996).