PER CURIAM.
In this direct criminal appeal, appellant seeks review of his conviction for sale or delivery of cocaine. We affirm the conviction. However, we strike the $50.00 public defender fee imposed, because appellant was afforded neither notice of intent to seek such a fee, nor an opportunity to contest its amount. E.g., Bryant v. State, 661 So.2d 1315 (Fla. 1st DCA 1995); L.A.D. v. State, 616 So.2d 106 (Fla. 1st DCA), review denied, 624 So.2d 268 (Fla.1993). On remand, such a fee may again be imposed, provided that appellant is afforded notice and an opportunity to contest its amount. We also strike the imposition of a $100.00 cost attributable to “CLTF,” because neither the order imposing this cost nor the transcript of the sentencing hearing identifies to what it is attributable, or its statutory basis. Bell v. State, 671 So.2d 226 (Fla. 1st DCA 1996). To the extent that this sum represents an unidentified mandatory cost, on remand, the trial court may reimpose it, provided that it specifies the statute mandating imposition.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN, WEBSTER and LAWRENCE, JJ., concur.