685 So.2d 1275 (1996)
Brian David LEE, Petitioner,
v.
STATE of Florida, Respondent.
No. 87715.
Supreme Court of Florida.
December 12, 1996.
*1276 John C. Harrison of John C. Harrison, P.A., Shalimar, FL, for Petitioner.
Robert A. Butterworth, Attorney General; and James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
We have for review a decision certifying two questions to be of great public importance:
DOES THE DECISION IN [CONEY V. STATE, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995)] APPLY TO "PIPLINE CASES," THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME CONEY WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
and
WHEN A DEFENDANT IS CHARGED WITH ATTEMPTED SECOND-DEGREE MURDER AND IS CONVICTED BY A JURY OF THE CATEGORY 2 LESSER-INCLUDED OFFENSE OF ATTEMPTED THIRD DEGREE (FELONY) MURDER, DO STATE V. GRAY, 654 So.2d 552 (Fla.1995), AND SECTION 924.34, FLORIDA STATUTES (1991), REQUIRE OR PERMIT THE TRIAL COURT, UPON REVERSAL OF THE CONVICTION TO ENTER JUDGMENT FOR ATTEMPTED VOLUNTARY MANSLAUGHTER, A CATEGORY 1 NECESSARILY INCLUDED LESSER OFFENSE OF THE CRIME CHARGED? IF THE ANSWER IS NO, THEN DO LESSER-INCLUDED OFFENSES OF THE CHARGED OFFENSE REMAIN VIABLE FOR A NEW TRIAL?
Lee v. State, 670 So.2d 169, 170 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We answered the first question in Boyett v. State, No. 81,971, 21 Fla. L. Weekly S535, ___ So.2d ___ (Fla. Dec. 5, 1996). We acknowledged there that we had incorrectly accepted the State's concession that not allowing Coney to be present at the immediate site of juror challenges was error. In Boyett we wrote, "In Coney, we held for the first time that a defendant has a right under [Florida Rule of Criminal Procedure] 3.180 to be physically present at the immediate site where challenges are exercised." Boyett, slip op. at 5, ___ So.2d at ___. We therefore receded from that part of Coney where we applied the new definition of "presence" to Coney himself. The result of Coney remained unchanged, however, since we had found the error harmless. We went on to address prospective application:
In Coney, we expressly held that "our ruling today clarifying this issue is prospective only." Unless we explicitly state otherwise, a rule of law which is to be given prospective application does not apply to those cases which have been tried before the rule is announced. Because Boyett had already been tried when Coney issued, Coney does not apply.
Boyett, slip op. at 5, ___ So.2d at ___ (citations omitted).
Accordingly, we answer this certified question in the negative.
We answered the second question in State v. Wilson, 680 So.2d 411 (Fla.1996), by holding that where a conviction for attempted felony murder has been vacated on the basis of our opinion in Gray, the proper remedy is retrial on any lesser included offense which was instructed on at trial. Here, Lee's conviction for third-degree attempted *1277 felony murder means he was effectually acquitted of the charged offense of second-degree felony murder. He may therefore be tried on the other offenses instructed on below which were equal to or lesser than third-degree felony murder: attempted manslaughter and aggravated assault. Accordingly, we answer part one of this certified question in the negative, and part two of this certified question in the affirmative.
We answer the certified questions as explained above, approve the district court's decision, and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
SHAW, J., concurs in result only.