PER CURIAM.
We have for review a decision certifying the following question to be of great public importance:
DOES THE DECISION IN CONEY APPLY TO “PIPELINE CASES,” THAT IS, THOSE OF SIMILARLY SITUATED DEFENDANTS WHOSE CASES WERE PENDING ON DIRECT REVIEW OR NOT YET FINAL DURING THE TIME CONEY WAS UNDER CONSIDERATION BUT PRIOR TO THE ISSUANCE OF THE OPINION?
Branch v. State, 671 So.2d 224, 224 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We answered this question in Boyett v. State, No. 81,971, — So.2d —[1996 WL 693616] (Fla. Dec. 5,1996). There we wrote:
In Coney [v. State, 653 So.2d 1009 (Fla.), cert. denied, — U.S.-, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995),] we expressly held that “our ruling today clarifying this issue is prospective only.” Unless we explicitly state otherwise, a rule of law which is to be given prospective application does not apply to those cases which have been tried before the rule is announced. Because Boyett had already been tried when Coney issued, Coney does not apply.
Boyett, slip op. at 5, — So.2d at-.
Accordingly, we answer the certified question in the negative, approve the district court’s decision, and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.